Stewart v. Hadley, et al.

JANE STEWART, Respondent, *vs.* JAMES HADLEY, *et at.*, Appellants.

1, *Deeds—Covenant of warranty—Breach of—Mistake in conveyance of land—Defence of, etc.*—In suit on covenant of warranty, where it appeared that, contrary to the agreement of the parties, a certain tract of land, to which grantor had no title, was embraced in the deed, which grantor signed by inadvertence, *held*, that such facts were an equitable defence to the action.

*Appeal from Johnson Court of Common Pleas.*

*Johnson & Botsford*, for Appellants.

I. It is well settled in this State, that in a suit on a note, given for the purchase money of a tract of land, a plea alleging the want of title in the plaintiff is a good defense to the note to the extent of the value of the land so conveyed without title. (Wagn. Stat., 1061, § 24; Barr vs. Baker, 9 Mo., 850; Copeland vs. Loan, 10 Mo., 266; Smith vs. Busby, 15 Mo., 387; Doan vs. Moss, 20 Mo., 297; Ash vs. Holder, 36 Mo., 163; Wellman vs. Dismukes, 42 Mo., 101; Beaupland vs. McKean, 28 Penn. St., 124; Ferguson vs. Huston, 6 Mo., 407; Watt vs. Scott, 7 Mo., 509; Cross vs. Noble, 67 Penn. St., 74; Negly vs. Lindsay, 67 Penn. St., 217.)

II. In a proceeding of this kind it is not competent for a party to dispute the terms of his deed by showing by parol evidence that he intended to convey less or other lands than his deed actually called for. (Seaman vs. Hodgebom, 21 Barb., 398; Howes vs. Barker, 3 John., 506; Tymason vs. Bates, 14 Wend., 671; Jackson vs. Croy, 12 John., 427; Renner vs. Bank of Columbia, 9 Wheat., 581; Taylor vs. Riggs, 1 Pet., 591; McBurney vs. Cutlew, 18 Barb., 203; Jackson vs. Vanderhayden, 17 John., 167; Jackson vs. Steinberg, 20 John., 49; Swick vs. Sears, 1 Hill, 17; Arnot vs. McClure, 4 Den., 41; Brewster vs. Power, 10 Paige, 562; Simonds vs. Beachamp, 1 Mo., 589; Hogel vs. Lindell, 10 Mo., 483; Henderson vs. Henderson, 13 Mo., 157.) This was a proceeding under the statute and not in equity. (Fithian vs. Monks, 43 Mo., 502.)

*Crittenden & Cockrell*, for Respondent.

I. The appellant having full knowledge that respondent did not own the acre of land at the time of the sale and that she did not then sell or pretend to sell the same, but declared that she had no control over it, he cannot with clean hands take advantage of the error of the scrivener in drawing the deed, and recover the value of the acre of land, and the church building thereon. No fraud is imputed to the respondent in the sale.

II. Appellants are certainly limited to the purchase money of the one acre and interest. In this State, this is the measure of damages. (Tapley vs. Labeaume's Exr., 1 Mo., 550 ; Martin vs. Long, 3 Mo., 392 ; Colgan vs. Sharp, 4 Mo., 263 ; Collins vs. Clamorgan, 6 Mo., 169 , Dunnican vs. Sharp, 7 Mo., 71 ; Collins vs. Gamble, 10 Mo., 467 ; Reese vs. Smith, 12 Mo., 344 ; Henderson vs. Henderson, 13 Mo., 151 ; Beecher vs. Watkins, 13 Mo., 521 ; Mosely vs. Beach, 15 Mo., 322 ; Lawless vs. Collier, 19 Mo., 480 ; Dickson vs. Desere, Adm. 23 Mo., 157 ; Guinotte vs. Chouteau, 34 Mo., 154 ; Rawle Cov. [3 Ed.,] 319.)

III. The land, not including the one acre and the church building, was of the full value of the consideration money, to-wit : $3200. It does not appear that the church building and the acre of land induced appellant to make the purchase, and to permit him to secure a recoupment as he demands, would be inequitable and offensive. (Rawle Cov. [3 Ed.,] 658.)

IV. The words "more or less " in the deed from respondent to appellant are qualifying words as to quantity conveyed, and the deficiency of one acre, in the remote corner of · the tract, bears no such erroneous disproportion to the quantity conveyed as will justify the prayer of the appellants. (27 Mo., 563.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover a balance on a promissory note, and to foreclose a mortgage executed to secure the payment of the amount due thereby. Jane Stewart (the plaintiff) in the month of January, 1866, sold and conveyed

to the defendant, James Hadley, a quarter section of land in Johnson county, supposed to contain 160 acres, for the sum or price of twenty dollars per acre or the aggregate sum of $3,200, fifty dollars of which was paid and the note sued on executed for the balance; the said Hadley and his wife at the same time reconveying the land to the plaintiff to secure the payment of the amount due by said note. The deed by which the land was conveyed to Hadley contained the covenant of seizen and covenants of general warranty. At and before the conveyance of the land by plaintiff to Hadley, and in fact before the plaintiff even became the owner of the land, one acre thereof situated in one corner of the tract had been conveyed to certain trustees for church purposes, who then held the title to said acre of land. A house for worship had been erected on said land, and was then occupied and used by a congregation of the denomination of "Cumberland Presbyterians." No exception of this acre of land held by these trustees was made in the deed by which the land was conveyed to Hadley. This suit was brought to recover the balance of the purchase money for said land as evidenced by said promissory note, and to foreclose the mortgage executed by the defendants to secure the same. The defendants set up, by way of counter-claim as a defence to the action, a breach of the covenant of seizin and warranty contained in the deed from plaintiff to Hadley, by reason of the failure or the want of title in the plaintiff to the acre of land upon which said church building is erected, and they charge that said acre of land with the improvements thereon was at the time of the execution of said deed of the value of one thousand dollars, and judgment is asked thereon. The plaintiff by replication to defendants' answer admits, that the acre of land had been conveyed to the church trustees as is charged, and that they were the owners thereof, and had erected a house thereon at the time of the conveyance to Hadley; but she states that, previous to the sale and conveyance of the land by her to Hadley, she pointed out to said Hadley the boundary lines of said acre of land, and then told him, that the boun-

dary lines of the land then being sold to him did not include said acre of land upon which the church was erected, and that it had been previously conveyed to trustees for said church was well understood by Hadley at the time of his purchase; that he purchased said quarter section of land with the exception of the acre upon which the church stood, and that he consented thereto, and agreed to give the sum of $3.200 in gross for said tract of land less the one acre for church purposes; but that owing to a mistake of the scrivenor in drawing the deed, the whole of said tract of land was inserted in the deed with the addition of the words "more or less." The plaintiff further avers that, at the time she conveyed the land to Hadley, she did not know that the deed was so worded as to include the whole of said quarter section of land, nor did she know said fact until after the commencement of the suit. She alleges that the defendant James Hadley well knew at the time he purchased the land, that he was to receive only that part of it remaining unsold and unconveyed at the time; that, at the time of the sale and conveyance by plaintiff to defendant, she was not in the possession of, nor had she the control of, the one acre of land so used for church purposes; but that it was notoriously and visibly in the possession of the trustess of said church, which fact was known to defendant, and that she was only in possession of the remainder of said tract of land, and only sold and conveyed that part to defendant and delivered the possession of the same to defendant, which was all well known to defendant. The plaintiff also denies, that the value of said acre of land, with the improvements, was at the time one thousand dollars. The issues made by these pleadings were tried by the court, a jury having been waived by the parties.

The plaintiff introduced witnesses, whose evidence tended to prove that the land conveyed to Hadley by the plaintiff was at the time of the conveyance worth the amount of the consideration paid therefor, without including the acre of land on which the church building was erected; that said

land was worth $20 per acre, that defendant had after his purchase sold part of the land, and in the deed reserved the church property, telling the purchaser that he had a suit pending about the church property, that, when it was decided, he would give a quit claim deed for that; that, if he failed in his suit, it would give him time to pay the mortgage debt. The plaintiff was introduced as a witness on her own part. Her evidence was, in substance,. that, at the time of the sale by her of the land to defendant, she resided on the land in the only dwelling house thereon, that there was a church house on the north-east corner of the land, which had been there for many years, that the church was in plain view of the dwelling house, that defendant came to see her twice about the land before he made the purchase, he asked the price of the land, she told him $20 per acre, he came back in about a week, when she told him that the church was on the tract of land, that she did not own the church and had nothing to do with it or the acre of land on which it was situate, that she did not know whether the acre of land had been deeded to the church or not, that Hadley said he would take the land, that they would go to town and make the deed in a few days. She afterwards went to Warrensburg, and made the deed. She told Hadley that she would deed the land just as it was deed-ed to her, that she did not sell the church house, and told Hadley particularly, that she would not sell it, that she did not estimate the value of the church in affixing a price on the land, that she told Hadley so afterwards, that it was not her intention to convey the church, and that she did not receive any consideration therefor; that the defendent was to pay her $20 per acre for the land; that there was nothing said about the value of the church being included, that Hadley always told her that he did not want the church; that he told her two or three times, the last time after the deed was made; that she would not have taken $20 per acre for the land if she had owned the church; she always told defendant that the church house was not hers, and that she would not sell it. She did not know that the acre of

land had been conveyed to trustees, until long after she had conveyed the land to defendant.

As the foregoing evidence was introduced by the plaintiff, the defendant objected to each part thereof on the ground that it was incompetent, and irrelevant, and attempted to contradict and invalidate the deed set forth in the answer. The court overruled the objections and admitted the evidence, to which the defendant at the time excepted. The defendant then on his part introduced several witnesses, whose evidence tended to prove that the land, conveyed to Hadley without the acre upon which the church stood was worth a little less than $20 per acre. Some of the witnesses thought it to be worth that amount, some less. The evidence also tended to prove, that the acre of land conveyed to the church trustees, together with the house thereon, was worth from eleven to twelve hundred dollars, and that the value of the acre tract was, as compared to the value of the whole quarter section, about equal to from one fifth to one seventh part thereof. The defendant, James Hadley, being sworn, in his evidence contradicted the evidence of the plaintiff, except as to his knowledge that the church was on the tract of land purchased, but stated that plaintiff said she had purchased and owned the entire quarter section of land, including the church acre, and that she had sold and conveyed it all to him, and that it was doubtful whether he would have taken the land at the price agreed on, without the acre on which the church stood. This being all of the evidence on either side, the court, at the request of the plaintiff, declared the law to be:

1st. "That if the court believe from the evidence, that on the——day of——A. D. 186—, plaintiff sold, conveyed and delivered possession of the land to the defendant as set forth in the pleadings, and that defendant was in person upon the land before purchasing the same, and saw and examined the land he was purchasing, and did purchase the same at and for the consideration of $——, and after the bargain was consummated became possessed of the land and has not been disturbed in the possession of any part of the same by any person or body

Stewart v. Hadley, et al.

of persons claiming an adverse or superior title to the land or any part of the same, then the court will find for the plaintiff, and assess the damages at the balance due on the notes given by the defendant as an evidence of indebtedness for the deferred payment on said land, with interest as specified in said note."

2nd. "If the court believes from the evidence, that plaintiff sold the land, as described in the pleadings, to defendant and conveyed the same to him on the—day of—A. D. 1868, by a deed containing the usual covenants of warranty, and after such conveyance defendant went into possession of the land and is still in full possession of all said land, and that defendant, after the purchase thereof, executed and delivered to plaintiff a mortgage upon all of said land, as described in deed of plaintiff to defendant, to secure deferred payments for the land, then the court must find for the plaintiff, although it should believe from the evidence, that there was a deficiency of one acre of land in the quantity conveyed to the defendant by plaintiff, as the vendee must look to the covenants contained in said deed for such deficiency."

3rd. "If the court should believe from the evidence, that defendant before purchasing the land went on the land, examined its boundaries and monuments, saw the building standing on a part of said land, and that he was informed before purchasing the land that it was a church building, either by knowledge communicated to him by other or by the general appearance of said building, and the defendant considered the tract of land purchased, less that occupied by the church, of the value of the consideration so paid for it, then the court will find for the plaintiff, unless the court should further find that, prior to the sale and conveyance of the land to defendant, plaintiff had actual knowledge of the existence of the deed for the land on which the church building stood, from grantor of plaintiff to some party or parties, for church purposes, and by fraud and deception sold and conveyed for a valuable consideration said acre of land, on which the building was erected, to defendant as hers, when she knew at the

time of the sale to defendant that it had been conveyed to others."

The defendants objected to each of these declarations of law so given, and at the time excepted. The defendants on their part then asked the court to declare the law to be as follows:

" That if the court finds from the evidence, that plaintiff did on the—day of—186–sell and convey the land in controversy, to-wit: * * * * * to defendant by a deed containing covenants of warranty and seizin, and if the court further find that, at the time the deed was made by plaintiff to defendant, she was not the owner of a part of the land in controversy, and could not convey the same to defendant, then the court declares the law to be, that the covenants of warranty and seizin in plaintiff's said deed were broken as soon as made, and that said defendant is entitled to recover in this action, as damages for breach of said covenants, the actual value of the part of said property, including the appurtenances thereto belonging, to which the title has failed." The court refused to declare the law to be as asked by the defendants, and the defendants again excepted. The court then on its own motion declared the law to be as follows:

"For a breach of the covenants of seizin the measure of damages is the consideration given and received, and if the court believes from the evidence, that the land sold by plaintiff to defendant falls short of the quantity sold and described in plaintiff's deed to defendant, then there has been a breach of the covenants, and the defendant is entitled to a rebatement to the amount of the value of the deficiency of the land so conveyed. To the giving of the said declaration of law by the court, the defendants also, at the time, excepted. The court then rendered a judgment in favor of the plaintiff for the sum of $1415, and foreclosing the equity of redemption in the mortgaged land, &c. The judgment is as follows:

"Now at this day, the cause again coming on to be heard, the same having been taken under advisement by the court,

and the court now being sufficiently advised of and concerning the same, doth find the issues for the plaintiff, and the facts to be; that said defendant James Hadley by his promissory note, dated on the ninth day of January, 1866, promised for value received to pay the plaintiff the sum of thirty-one hundred and fifty dollars on or before the first day of March next thereafter, with interest thereon after maturity at the rate of ten per cent. per annum; and that the said defendants James Hadley and Almira M. Hadley, who was and is the wife of her co-defendant, James Hadley, for the purpose of securing the payment of said note, executed, acknowledged and delivered to plaintiff their mortgage deed, wherein and whereby they conveyed to said plaintiff a certain tract and parcel of land, including the inchoate right of dower of said defendant Almira M. Hadley, situate in the county of Johnson and State of Missouri, and described as follows, to-wit: The north east quarter of section No. fourteen (14) in township No. forty-six (46) of range No. twenty-five, containing 160 acres more or less; upon the following condition to-wit: That if the said James Hadley, his executors or administrators, should pay the sum of money specified in said note, and all the interest that might be due thereon, according to the true tenor and effect of said note; then said conveyance to be void; otherwise to be and remain in full force, and virtue in law." "And the court doth further find, that said defendants have not kept and performed the conditions on their part to be performed, and that there is now due, and unpaid on said note, both principal and interest, the sum of fourteen hundred and fifteen dollars. It is therefore considered, ordered and adjudged by the court here, that said plaintiff have and recover against said defendant James Hadley the said sum of fourteen hundred and fifteen dollars, so found due by the court as aforesaid, with interest thereon from and after the date of the rendition of this judgment, at the rate of ten per centum per annum, together with her costs and charges in this behalf sustained. And that the equity of redemption" &c.

After the rendition of this judgment the defendants

filed a motion for a new trial, which being overruled they ap-
pealed to this court.

It is evident from the record in this case, that the
trial was had and conducted to final judgment under a
misapprehension of the law, and without any reference
to the issues in the case. The petition was founded
on a note for thirty-one hundred and fifty dollars. The peti-
tion admitted that three payments had been made on the note,
amounting in all to $1450, and claimed that the balance with
the interest was due plaintiff, for which judgment was prayed.
There was also a prayer for the foreclosure of the equity in
the mortgaged premises. The answer of the defendants did
nor controvert any allegation in the petition, but set up a
breach of a covenant of seizin in a deed to a tract of land,
which was the consideration of the note sued on, by which
breach defendants claimed to have lost title to, or that he re-
ceived no title to, one acre of the land conveyed, by which
damages had resulted, which damages were set up as a coun-
ter-claim to the action. The plaintiff replied to this counter-
claim and did not deny the sale of the land nor the execution
of the deed with the covenants charged, nor that the title had
failed to the acre of land as charged in the answer, but she
states in avoidance of the covenant of seizin as to the acre of
land to which she had no title and as to the right of plaintiff
to recover damages therefor, that the acre of land included
in her deed to which she had no title, had erected thereon a
building for church purposes; that it was notorious that the
church building was situate on said acre of land; that it
was a conspicious building well known to defendant, and
that he knew that it was not intended by plaintiff either to
sell or convey said building or acre of land to the defendant,
and that therefore she was not bound by said covenant in
said deed as to said acre of land or the improvements there-
on; that said church and acre of land were not included in
the sale made by her of said land to the defendant, but that
the same was excepted therefrom, and intended to be so ex-
cepted in the said deed conveying the same; but that the
deed was written so as to include said church and acre of

land by the mistake and oversight of the parties thereto and the person writing said deed.

This issue made by the replication to the defendant's answer was the only issue to be tried. The question was a question of mistake, and was in the nature of an equitable defense. This question of mistake should have been passed on by the court, and if the court had found, that the parties did not intend that this acre of land should be included in the deed, and that the defendant never intended to convey it by the deed, nor to make a covenant of seizin in reference thereto, and that by mistake or inadvertence she signed the deed with the acre of land included, contrary to the agreement or intention of the parties, then the plaintiff had a right to recover the whole balance due by the note sued on after allowing the credits stated in the petition, together with interest from the maturity of the note, unless some reason to the contrary exists, not apparent on the record. But if the acre of land was sold by plaintiff and intended by the parties to be included in the deed, or in other words if the plaintiff failed in this equitable defense to the defendant's counter-claim, then the defendant was entitled to have deducted from the balance due by the note sued on the damages sustained; the measure of damages being ascertained by finding the proportion that the value of the acre, to which there is no title, bore at the time of the sale to the value of the whole tract sold, and if it was one fifth of the value of the whole tract, then one fifth of the whole price agreed to be paid by the defendant for the land, with interest, should be deducted from the amount due on said note, and judgment rendered for the balance; and if the proportion of the value of the acre of land to the value of the whole should be more or less than one fifth, then the result would be varied by the same rule. It will be seen from the declarations of law given and refused, and by the finding and judgment of the court, that the only issue to be tried in the cause was wholly ignored. No finding is made as to the mistake in the deed either one way or the other, and no notice whatever taken of the counter-claim or the issues

made thereon. It cannot be told from the record, what was done, whether anything or nothing, or how much, was allowed on the counter-claim, and in fact the judgment and finding of the court is wholly inexplicable. If we look at the allegations in the petition, which are not denied by the answer, and by calculation see how much would have been due on the note sued on, calculating principal and interest, the amount due could not be less than twenty-four hundred dollars, perhaps more, and yet judgment is rendered for $1,415. Nothing appears of record, by which this reduction could be made in the amount due, except the counter-claim, and it appears to have been totally ignored in the finding of the court. The record suggests that there must be some mistake in the matter, either in the record or somewhere else. It is certain, that all of the declarations of law are incorrect, and show that the case was tried on a wrong theory of the law, and while declarations of law in this case were not appropriate, yet they served to show that the court acted on or was guided by a wrong theory in trying the case.

The judgment will be reversed, and the cause remanded, when it can be tried in conformity to this opinion, and a proper judgment rendered.

. Judges Wagner and Sherwood absent, the other judges concur.