### STATE OF ARKANSAS VS. JEFFREY ET AL.

1. GAMING : *Indictment.*
   Where an indictment is based upon section 1564, Gantt's Digest, it should allege the name of the game, if known, or if unknown to the grand Jurors it should so allege.
2. ——— ———: *On the sabbath.*
   An indictment for card playing on the sabbath need not allege the game played, the offense being the desecration of the sabbath by playing cards.

APPEAL from *Izard* Circuit Court,

Hon. WM. BYERS, Circuit Judge.

*Henderson, Attorney General,* for appellant.

ENGLISH, CH. J. :

The appellees were indicted in the Circuit Court of Izard County for gaming, as follows :

"The Grand Jury of Izard County, etc., etc., accuse Dempsey Jeffrey, Willard Hanks, William Green and William Smith of the crime of betting at cards, committed as follows, to-wit :

The said Dempsey Jeffrey, the said Willard Hanks, the said William Green and the said William Smith, on the 10th day of November, 1877, in the county and state aforesaid, (*named in the caption,*) unlawfully did bet two pipes of the value of fifty cents each, and two pairs of suspenders, of the value of one dollar each, at a certain game of hazard and skill then and there played with cards, against the peace and dignity of the State," etc.

The court sustained a demurrer to the indictment, and the State appealed.

The objection taken to the indictment is that it does not allege the name of the game of cards at which appellees bet, or that the game had no name, or that its name was to the grand jurors unknown.

If the State meant to accuse the appellees of betting at some game of cards, the indictment must have been drawn under section 1564 of Gantt's Digest, page 374, which follows :

"If any person shall be guilty of betting any money, or any valuable thing, on any game of brag, bluff, pocre, seven-up, three-up, twenty-one, vingtun, thirteen cards, the odd trick, forty-five, whist, or at any other game at cards known by any name now known to the laws, or with any other or new name, or without any name, he shall, on conviction, be fined in any sum not less than $10 nor more than $25."

This is the 8th section of the gaming act as contained in the Revised Statutes, page 274, and in English's Digest, page 367, and in Gould's Digest, page 371, and which has been repeatedly construed by this court.

It has been the practice under this statute, and we think the better practice, to allege in the indictment, the name of the game of cards at which the accused is charged with betting, or if the name is unknown to the grand jurors, so to allege, or if uncertain, to insert several counts to meet the uncertainty. *James Barkman* v. *The State*, 13 Ark., 705; *Orr* v. *State*, 18 Ark., 540; *State* v. *Grider*, Ib. 298.

In an indictment for card playing on the sabbath, it is not necessary to allege the name of the game played, or betting, the gravamen of the offense being the desecration of the day by engaging in card playing. *Stockton* v. *State*, 18 Ark., 186; *State* v. *Grace*, 21 Ark., 227; *State* v. *Anderson*, 30 Ark., 134.

But the gravamen of an offense under the above statute, is the betting at some game of cards, and the name of the game bet upon is regarded as material to a reasonably certain description of the offense.

It is uncertain whether the indictment in this case, from the language used, was drafted under the 8th section of the gaming act (section 1564 Gantt's Digest) or under the act of 22d January, 1855, which is included in sections 1565 and 1566 of the Digest.

In *Orr* v. *The State*, 18 Ark., 544, this court, commenting upon the two statutes, said :

"The first section of the gaming act relates exclusively to what are known as banking games, etc., and the 8th section provides for the punishment of betting *on games at cards only*. And hence it was held by this court in *Norton* v. *State*, 15 Ark., 71, that it is no offense to bet upon a *raffle;* and in *State* v. *Hawkins*, Ib. 259, that betting at *rondo* was not an offense within the provisions of either section of the gaming act.

"The act of January 22, 1855, which was passed after these decisions, is as follows :

"SEC. 1.  If any person shall be guilty of betting any money, or any valuable thing, on any game of *hazard* or skill, he shall, on conviction, be fined as prescribed in section 8, article 3, chapter 51, title Criminal Law, of the Digest (English's) of the statutes of Arkansas.

"SEC. 2.  In prosecuting under the preceding section, it is sufficient for the indictment to charge that the defendant bet money, or other valuable thing, on a game of hazard or skill, without stating with whom the game was played.

"The 8th section of the gaming act embracing nothing but betting on games *played with cards*, it was manifestly the intention of the first section of the act of January, 1855, to enlarge the prohibition against betting, and to extend the pen-

alty of the 8th section of the gaming act to betting on any game of *hazard* or *skill*, except the banking games, etc., embraced by the first section of the gaming act.

"When a person is indicted for betting at any *game of cards* embraced by the provisions of the 8th section, it is sufficient for the indictment to charge the betting on a game of cards called *poker*, *seven-up*, etc., naming the game of cards, if it has any, etc. But it is not necessary to charge that the particular game of cards named is a game of *hazard* or *skill*.

"But when a person is indicted for betting on a game not embraced within the 8th section, but embraced by the 1st section of the act of 22d January, 1855, it is necessary, it would seem, to charge the game bet upon to be one of *hazard* or *skill*, as provided by the 2d section of the act last referred to."

In the indictment now before us, the appellees are charged with betting "at a certain game of hazard and skill then and there played with cards." Treating the words "*hazard* and skill" as surplusage ( *Orr* v. *State*, ubi. sup.) nothing is left but a general charge of betting at a game played with cards, which is not named.

In an indictment for betting at a game of hazard or skill, under the act of 22d January, 1855, it would be better to allege the name of the game.

Games played with cards, or games of hazard or skill gotten up by other contrivances for the purpose of betting, are rarely without names by which they are known or designated, and if a game has no name, or its name is unknown to the grand jurors, the indictment may so allege.

We are not disposed to encourage needless looseness or uncertainty in indictments.

The judgment of the court below must be affirmed.