JAMES HITCHCOCK, Appellant, v. JAMES BAUGHAN, Respondent.

St. Louis Court of Appeals, February 10, 1891.

1. **Practice, Trial:** FORM OF JUDGMENT ON ALLOWANCE OF COUNTER-CLAIM. When the claim sued on by the plaintiff is admitted, and there is a finding in excess thereof in favor of the defendant on a counterclaim set up by him, the judgment should be for defendant for the amount of the difference between the finding on the counterclaim and the admitted claim of the plaintiff.

2. **Fraud:** MISREPRESENTATIONS. *Held* that the evidence in this case was sufficient to sustain a counterclaim for misrepresentations touching the boundaries of land sold by the plaintiff to the defendant, and the location of certain improvements, in that the defendant had the right to treat unqualified representations of the plaintiff in respect to the location of said boundaries as warranties, and not merely as the expression of an opinion, and in that the plaintiff's belief in the correctness of the representations, when he made them, would not relieve him from liability.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED (*with directions*).

*Orr, Monks & Maxey,* for appellant.

*A. H. Livingston* and *W. N. Evans,* for respondent.

BIGGS, J.—This is an action on a promissory note, dated on the twentieth day of July, 1883, for $100, with interest at the rate of ten per cent. per annum. The note represented the balance of the purchase money of a farm, sold by the plaintiff to the defendant. The execution of the note was admitted, and the defendant set up in his answer a counterclaim for damages to the amount of $500, growing out of alleged misrepresentations by the plaintiff touching the location of the improvements and the boundaries of the land.

This is the second time the case has been before us. *Hitchcock v. Baughan,* 36 Mo. App. 216. On the first trial the defendant recovered a judgment for costs. On the second trial he recovered a judgment against the plaintiff for $321.25. From this judgment the plaintiff has again appealed.

I. The plaintiff's first assignment pertains to the defendant's instructions. On motion of the defendant the court directed the jury as follows: "1. The court instructs the jury that, if you believe from the evidence, that James Hitchcock, at the time he sold the premises in question to the defendant, knew that the improvements complained of were not on the land conveyed, and represented to the defendant that the same were on the land conveyed, or concealed the fact from defendant, and that the defendant relied solely upon the statements and representations of Hitchcock or his agent and bought the land, and that the improvements were not on the land so conveyed, then you should find for the defendant.

"2. The court instructs the jury that, if they find the issues for the defendant, they will state in their verdict the amount defendant was damaged, not to exceed the amount of $500."

Under these instructions the jury returned this verdict: " We, the jury, find for the defendant, and assess the damages at $321.25." Thereupon the court rendered judgment against the plaintiff for the amount stated in the verdict.

The complaint is now made that the instructions are wrong, and that the verdict is not responsive to the issues. There is no trouble with the instructions and verdict. The trouble is with the action of the court in entering a judgment for the entire finding. The court should have deducted the amount which was admitted to be due on the note, and entered judgment on the counterclaim for the remainder. The plaintiff's damages were admitted, and were a matter of law with which the jury had nothing to do. *Stewart v. Hadley,* 55 Mo. 235.

II. The plaintiff also complains of the evidence upon the score, that it is not sufficiently definite and clear to sustain the finding of the jury. The record does not sustain this assignment. The defendant's evidence tended to prove that plaintiff pointed out to him the boundaries of the land so as to include the house and barn on the south, and the small field on the north. Even though the plaintiff believed that the boundaries of the land were as he represented, if subsequent events proved that he was mistaken, he must make good to the defendant what the latter has lost by reason of his mistake. *Smithers v. Bircher,* 2 Mo. App. 499. The defendant, in making the trade, had the right to treat the unqualified representations of the plaintiff in respect to the boundary lines as warranties, and not merely as the expressions of an opinion. In addition to this there is some evidence that the plaintiff, at the time he sold the land, knew that the house and barn were on government land. This made the defendant's case much stronger. We think there was substantial evidence to sustain the defense.

Our conclusion is that the judgment in this case should be reversed, and the cause remanded with directions to the trial court to enter the following judgment: "The jury impaneled in this cause having heretofore, on the second day of May, 1890, found that the defendant was damaged by the matter set up in his counterclaim in the sum of $321.25, and the plaintiff's cause of action being on a note and admitted to be due, which, with interest up to the day of trial, the court finds amounts to $168, it is, therefore, considered and adjudged by the court that the plaintiff take nothing by his said suit, but that the defendant so recover from the plaintiff the sum of $153.25, being the difference between the plaintiff's admitted claim and the damages found by the jury on the counterclaim, together with the costs of suit, and that such judgment bear interest at the rate of six per cent. per annum from the second day of May, 1890, and that execution issue therefor.

All the judges concurring, it is so ordered.