DUGAN *v.* KELLY.

Opinion delivered April 8, 1905.

1. CONTRACT—CONSTRUCTION.—The construction of a contract free from ambiguity and technical terms is a question of law. (Page 58.)

2. SAME—ORAL TESTIMONY.—It is not admissible to contradict, vary or affect materially the terms of a written contract by oral testimony, though, where the provisions of a written contract are apparently conflicting, or the meaning of the terms are so ambiguous or doubtful that the meaning cannot be ascertained from the instrument, parol evidence is admissible to show the subject-matter of the agreement, the circumstances surrounding its execution, and the conduct

of the parties under it, as a means of interpreting the language used. (Page 58.)

3. SAME—EXCAVATION—REMOVAL OF EARTH.—Where a building contract stipulated that the contractor should excavate and remove 300 yards of slope, and build a wall of required dimensions for a specified sum, and provided further that if there should be any additional sloping, the same should be paid for at the rate of $1 extra per yard, its effect was to require the contractor to remove the necessary quantity of rock and earth to slope the bank properly, whether at the top or bottom of the wall, and to authorize him to charge for the excess over 300 cubic yards at the rate of $1 per yard. (Page 58.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

STATEMENT BY THE COURT.

This is an action by appellee to recover for work performed for appellant under a written contract, the material portions of which are as follows:

"Said John Kelly    *    *    *    agrees to and with Charles Dugan    *    *    *    that he will to the best of his ability perform the following work, viz: excavate in the rear of the Southern Club, Hot Springs, Ark., 34 feet deep, running back from rear line of present building, 55 feet parallel thereto; also remove 300 yards slope, and build stone wall 55 feet long, 3 feet thick and 16 feet high, for the sum of $2,744.75. And it is further agreed that said party of the first part will remove area brick wall and brick closets and stack in front of building for the sum of $30 additional to the above-mentioned sum. And it is further agreed that, if there should be any additional sloping, the same shall be paid for at the rate of $1 extra per yard."

The item and amount in controversy is for the removal of 686 cubic yards of stone and earth as "extra sloping" in addition to the 300 yards stipulated for in the contract; and the question presented is whether under the contract appellee was compelled, without extra charge, to remove all the slope, regardless of the amount, or whether he could charge for all in addition to 300 yards.

The contention of appellee is that, for the stipulated sum, he was to remove not exceeding the 300 yards named, and could

charge for any excess; whilst appellant claims that appellee, by the contract, agreed to remove all the slope, and that he could make no extra charge for an excess over 300 yards unless required by appellant to do it as extra work. "Sloping" is defined by one of the witnesses to be "all the earth necessary to be taken off on back of a perpendicular line to keep it from caving;" and it is shown by proof that when the contract was made it was estimated that it would probably be necessary to remove about 300 yards of slope. It is conceded that a considerable amount of the work claimed by appellee as additional sloping was in removing earth which caved into the excavation from the bank before erection of the retaining wall. It appears also that a part of the additional sloping was on account of irregular and abutting points and angles in the bank left by the cave or landslide. Another disputed point in the construction of the contract is whether the slope in the bank should have begun from the top, or from the bottom of the retaining wall. Appellee testified that the slope begun from the bottom of the wall, and that that was essential, as the only purpose served by the wall was to retain the dirt falling from the mountain side, and that it was not necessary for protection against caving. The case was submitted to the jury upon the following instructions:

"1. If plaintiff performed his work under the contract in a careful and expeditious manner, and in doing so, and without fault on his part, it became necessary, in order to complete said work according to contract, to remove more than 300 yards of 'sloping,' then you will find for plaintiff at the rate of $1 per yard for all 'sloping' which it became so necessary for him to remove.

"C. If you find from the evidence that the word 'sloping,' mentioned in the written contract, refers to the removal of slope commencing at the top of the rear wall of the excavation, and not to the removal of slope commencing at the bottom of said wall, then you are instructed that if any earth fell into the excavation or was taken out during the progress of the work, not necessarily included within the meaning of the term 'sloping,' plaintiff cannot recover for removing same unless the defendant or his agent verbally agreed to pay for such work."

The defendant asked a number of instructions embodying his theory of the law in the construction of the contract, all of which

were refused by the court. The jury returned a verdict in favor of the plaintiff for $826.80, judgment was entered accordingly, and the defendant appealed.

*Greaves & Martin,* for appellant.

The sloping in excess of 300 yards of the contract was not included in the contract, and the construction given at the request of plaintiff was erroneous. 62 N. Y. 498; 83 Ia. 212; 9 Ky. 59; 123 Pa. St. 172; 54 N. Y. Supp. 904; 111 Fed. 598; 20 N. J. Eq. 396; 76 Conn. 84; 1 McCord, 22; 18 La. Ann. 204; 33 Ill. App. 388; 61 Ill. App. 335.

*Wood & Henderson,* for appellee.

McCulloch, J., (after stating the facts.) The construction of a contract free from ambiguity and technical terms is a question of law to be determined always by the court. *Estes* v. *Booth,* 20 Ark. 583; *Ark. Fire Ins. Co.* v. *Wilson,* 67 Ark. 533; 2 Parsons on Cont. (9th Ed.) p. 648; 1 Beach, Mod. Law of Cont. § 743.

Oral testimony is not admissible to contradict, vary or materially affect the terms of a written contract, though, where the provisions of a written contract are apparently conflicting, or the meaning of the terms are so ambiguous or doubtful that the meaning cannot be ascertained from the instrument itself, parol evidence is admissible to show the subject-matter of the agreement, the circumstances surrounding the execution of the contract and the conduct of the parties under it, as a means of correctly interpreting the language used. *Railway* v. *Shinn,* 52 Ark. 95; *Gauss* v. *Doyle,* 46 Ark. 122; *Weis* v. *Meyer,* 55 Ark. 18; *Robbins* v. *Kimball,* 55 Ark. 414.

The terms of the contract in this case are not ambiguous, we think, in respect to the right of appellee to charge for sloping in addition to 300 yards. He could thereunder charge for the excess, and the court properly construed the contract to that effect. The effect of the contract was to require appellee to remove the necessary quantity of rock and earth to properly slope the bank, and to charge for the excess over 300 cubic yards at the rate of $1 per yard. He was not bound to first procure the consent of appellant to the removal of the excess, provided it

was reasonably necessary to a complete and proper performance of the work. It was a part of his contract to properly perform the work. But he would have had no right to insist upon a removal of any excess above 300 yards against the objections of appellant. It is not contended that appellant so objected, though his agent denied that he authorized appellee to remove any sloping in excess of the 300 yards. The court properly submitted to the jury the question whether or not the quantity removed was necessary in order to complete the work according to contract, and no error was committed in doing so.

The fifth and sixth instructions asked by appellant would have told the jury that the plaintiff could recover only for work in removing a "reasonable or true slope" from the top of the retaining wall, and not from the bottom of the wall, however essential the latter may have been to a complete performance of the work, and even though the necessity for running back from the bottom of the wall arose without any fault or negligence on the part of appellee. We do not think that is a fair construction of the contract. Appellee agreed to build the wall, but did not guaranty that it would prevent caving, or that sloping from the top thereof would be sufficient. He merely agreed, for a stated sum, to make the excavation, erect the wall, and remove as much as 300 yards of sloping. For any additional sloping he was to receive extra pay at the rate of $1 per yard. If it became necessary to remove sloping running back from the bottom or behind the wall, he could under the contract charge for it.

We find no error, and the judgment is affirmed.