VAUGHAN *v.* COOPER.

Opinion delivered March 11, 1912.

1. APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.—A verdict will not be disturbed on appeal if there is any substantial evidence to support it. (Page 263.)

2. APPEAL AND ERROR—REHEARING—QUESTIONS WHICH MAY BE RAISED.— Alleged errors which the appellant did not argue or rely upon in his original brief will be deemed to have been waived and abandoned, and can not be raised on rehearing. (Page 264.)

3. EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE.—Where the provisions of a written contract are apparently conflicting or its terms are so ambiguous or doubtful that the meaning can not be determined from the instrument itself, parol evidence is admissible to show the subject-matter of the agreement or circumstances surrounding the execution of the contract and the conduct of the parties under it as a means of interpreting the language used. (Page 264.)

Appeal from Prairie Circuit Court, Northern District; *Eugene Lankford*, Judge; affirmed.

*Trimble, Robinson & Trimble*, for appellant.

The due bill was without consideration and void. One who is an agent of one party to an agreement can not at the same time be an agent of the other party to the same agreement. Hammond on Contracts, § 228, p. 397; *Id.* § 256, pp. 585-6; Clark on Contracts, 164; 30 Miss. 343; 17 Barb. 397.

*F. E. Brown* and *W. A. Leach*, for appellee.

1. There is substantial evidence to support the verdict, and this court will not disturb it on appeal. 97 Ark. 86; 94 Ark. 135; 95 Ark. 172; 92 Ark. 120; *Id.* 586.

The strongest probative force of the evidence in favor of the verdict will be given it in testing its legal sufficiency. 97 Ark. 438. And the testimony will be considered in the aspect most favorable to the appellee. 96 Ark. 305; 95 Ark. 593; 94 Ark. 379; *Id.* 390; 87 Ark. 443.

Where the verdict is based on evidence legally sufficient, it will be sustained on appeal, even though it may be against the weight of the testimony. 89 Ark. 321; 85 Ark. 193; 76 Ark. 115; 75 Ark. 111; 73 Ark. 377; 67 Ark. 399.

2. Appellant not having raised any issue as to the validity of the contract in the lower court, that question can not be raised here for the first time. 96 Ark. 405; 95 Ark. 593; 94 Ark. 378; *Id.* 390; 87 Ark. 443; 83 Ark. 10.

3. If the contention of appellee is true, his performance of the service was a sufficient consideration to support the contract.

HART, J. On the 3d day of August, 1910, W. H. Cooper instituted this action in the circuit court against Emmet Vaughan, to recover the sum of $1,000 alleged to be due him for services performed in the sale of certain timber lands

owned by Vaughan. Vaughan filed an answer in which he denied that he was indebted to Cooper.

W. H. Cooper testified: "In 1908 I was in the employment of a veneering plant at Des Arc, of which Hermann Romunder was the president. Emmet Vaughan owned a large tract of timber land near there, comprising more than a thousand acres. Early in the year 1908 Romunder directed me to go over the lands and make an estimate of the timber on it, at the time Romunder contemplated buying the land. I went over the land and made the estimate simply by viewing the timber. Later on in the spring Mr. Vaughan employed me to go over the land and make another estimate of the timber on it. I was gone three or four days, and made this estimate simply by going over the land viewing the timber. In neither instance did I attempt to make a detailed estimate of the timber. I was in the employ of the veneering plant at the time I made both estimates. As compensation for my services, the plaintiff executed to me the following due bill:

" 'Due W. H. Cooper, the sum of $1,000, payable upon presentation of this due bill, subject to the agreement held by me.

" '5-8-08            Emmet Vaughan.'

"The agreement referred to in the due bill is as follows:

" 'I agree that the due bill given me this date by E. Vaughan for $1,000 to be void if sale of land fails to go through.

" '5-8-08.         ''       W. H. Cooper.'

"It was understood between us that I should receive a thousand dollars for making this estimate on the timber if Mr. Vaughan should sell the land to any person at any time. The estimate made by me on the timber was to be used in helping to make a sale of the land. Other testimony introduced in the case tends to show that Vaughan sold the land to some parties who live in Chicago, and that they afterwards resold the land to Romunder."

Emmet Vaughan testified: "I did not employ W. H. Cooper to make an estimate of the timber on the land mentioned in the due bill and agreement sued on in this case. Mr. Cooper was at the time in the employment of the veneering plant and made the estimate for Mr. Romunder, who contemplated purchasing the land. I saw him on his

return after making the estimate, and urged him to turn in
the estimate to Mr. Romunder as quickly as possible so that
the trade for the land might be consummated.  Mr. Cooper
asked me what there was in it for him.  He said that he was
in a position to make the deal go through or to throw it, just
as he pleased.  I was in straightened circumstances at the
time, and thought it would be better to give him a thousand
dollars than to lose the deal with Romunder.  So the due bill
in question and the agreement accompanying it were executed.
It was understood between us that I should not pay him any
money unless the trade which was then on hand with Romun-
der should be consummated.  The agreement had no refer-
ence to any other trade that should be made for the land.
I afterwards sold the land to some Chicago parties, and they
made their own estimate of the timber and in no way relied
on the estimate made by Cooper.  Afterwards I had to take
the land back and have it yet." ·

Other evidence was introduced by Vaughan which tended
strongly to corroborate his testimony.  The plaintiff, Cooper,
recovered judgment for $1,000, and the defendant, Vaughan,
has appealed.

No objections was made to the introduction of evidence,
and no objection was made to the instructions given by the
court.  The defendant did ask instructions additional to
those given by the court, but we do not deem it necessary
to set them out, for the matters embraced in them are
included in the instructions given by the court.  The court
expressly told the jury that if the defendant did not employ
plaintiff to make the estimate, and it was made for other
parties, and the plaintiff demanded the thousand dollars
from the defendant to make the deal go through, and that
deal did not go through, then the plaintiff would not be en-
titled to judgment in this case, although the land was after-
wards sold to other parties.

In the other instructions the court fully and fairly sub-
mitted the respective theories of the plaintiff and of the de-
fendant to the jury.

While the other evidence in the case tends strongly to
corroborate the testimony of the defendant, it can not be said
that the verdict of the jury is without any substantial evi-

dence to support it.    The jury were the sole judges of the weight of the testimony and of the credibility of the witnesses, and under the settled law of this State the verdict of a jury can not be disturbed on appeal where there is any substantial evidence to support it.

The plaintiff testified that the estimate made by him was made for the purpose of aiding the defendant in selling the land.    That he was to be paid the thousand dollars, for which the due-bill was given, in case of the sale of the land to any one, and that the land was afterwards sold to some Chicago parties.    The defendant flatly contradicted his testimony in this respect, and said the thousand dollars was to be paid plaintiff only in case the sale to Romunder was consummated, and said sale was never completed.    The attendant circumstances as well as the other evidence tends strongly to show that the defendant was telling the truth; but, as above stated, the jury believed the plaintiff, and, under the settled law of the State, the verdict is binding on us.

It follows that the judgment must be affirmed.

## ON REHEARING.

### Opinion delivered April 29, 1912.

HART, J.    It is insisted by counsel for appellant in their brief on motion for rehearing that the court erred in refusing to give instruction No. 2.    Counsel for appellant in their original brief did not argue nor ask us to reverse the judgment on account of any alleged error in refusing it.    Hence, under our rules of practice, it will be deemed to have been waived and abandoned, and we can not now consider it.    *Bowling* v. *Stough,* 101 Ark. 398; Rule 3, Sup. Ct. Rules.

Again counsel for appellant insist that the court erred in instructing the jury as follows:

"This is a suit on a contract between the parties to the suit in which the plaintiff claims the defendant owes him $1,000 and plaintiff claims defendant employed him to get up and make an estimate of timbers in Meyers bend, agreeing to give him $1,000 when a sale of the land was made, and that the the estimate was made, and for that reason he was entitled to the $1,000.    So you are instructed that if you believe from

the evidence that the defendant in this case did employ the plaintiff to make an estimate of Meyers bend, agreeing to give him $1,000 provided he made a sale, and a sale of the land has been made, then he would be entitled to his $1,000. The defendant, on the other hand, claims he didn't employ the plaintiff to make an estimate of the timber, but that the plaintiff was in the employ of the man who was figuring on buying the land, and came to the defendant and told him that he could either make the sale go through or make it fail, and demanded that he give him $1,000 to make it go through, and that he executed the due bill in evidence and contract in evidence with the understanding that if he made the deal go through, or if the deal did go through he would give him $1,000. You are instructed that, if this was true, if defendant didn't employ plaintiff to make the estimate, and that it was made for the parties, and that he demanded the $1,000 from Mr. Vaughan to make the deal go through, and that deal didn't go through, then he would not be entitled to judgment in this case, although the land was afterwards sold to other parties."

The correctness of the instruction depends upon the construction to be given the due bill sued on and the separate agreement accompanying it which were set out in our original opinion to which reference is made. Where the provisions of a written contract are apparently conflicting or the terms so ambiguous or doubtful that the meaning can not be determined from the instrument itself, parol evidence is admissible to show the subject-matter of the agreement or circumstances surrounding the execution of the contract and the conduct of the parties under it as a means of correctly interpreting the language used. *Dugan* v. *Kelly*, 75 Ark. 55; *Haney* v. *Caldwell*, 33 Ark. 136.

Tested by this rule, a majority of the court are of the opinion that the admission of parol evidence to explain the contract was competent, and that no error was committed by the court in giving the instruction complained of. The theory of the plaintiff was that the land was chiefly valuable for the timber on it, and that the estimate of the timber would greatly aid in making a sale of the land. He testifies that the estimate was made by him for the purpose of aiding the defend-

ant in the sale of the land, and that it was agreed and understood between them that he was to have the $1,000 for which the due bill was given, provided a sale was made by the defendant to any person. On the other hand, the defendant testified that at the time the estimate of the timber was made by the plaintiff the defendant had a sale of the timber pending with one Romunder, and that the plaintiff, being in the employ of Romunder, told him that, unless he agreed to give him $1,000, he would "throw the deal."

As above stated, a majority of the court is of the opinion that the terms of the contract are ambiguous as to whether the deal referred to was the pending sale or whether the parties contemplated a sale to any person to be made in the future. In this view of the case, the court correctly submitted the respective theories of the parties to the suit to the jury, and the verdict of the jury is binding upon us.

Upon a reconsideration of the case, Mr. Justice Wood and myself have come to the conclusion that the court should have told the jury as a matter of law that the contract in question referred to a sale pending at the time it was executed, and that it erred in submitting to the jury the question of whether the contract referred to any sale that might be made by the defendant. We are therefore of the opinion that the court should grant a rehearing in the case. It follows, however, from the opinion of the majority that the motion for rehearing should be denied, and it is so ordered.

