## TRIPLETT *v.* WESSON.

### Opinion delivered March 26, 1917.

1. APPEAL AND ERROR—CREDIBILITY OF WITNESS—WEIGHT OF TESTIMONY—SUFFICIENCY OF THE EVIDENCE.—It is the jury's province to pass upon the credibility of witnesses. The weight to be given the testimony is a jury question. A verdict will not be disturbed by appeal if supported by substantial testimony.

2. APPEAL AND ERROR—MISCONDUCT OF JUROR—PROOF.—Where it is not claimed that a verdict was reached by lot, their misconduct in arriving at a verdict can not be established by the statements of certain of the jurors, and the affidavit of another witness containing hearsay evidence of a juror.

Appeal from Prairie Circuit Court, Northern District; *Thos. C. Trimble*, Judge; affirmed.

*Emmet Vaughan*, for appellant.

1.    There is absolutely no evidence to support the verdict.    It is wrong.

2.    The misconduct of the jury calls for a reversal. 157 Mass. 579; 32 N. E. 955; 32 Kans. 419; 62 Me. 362; 52 Minn. 329; 54 N. W. 187; 68 Me. 362; 24 Atl. 470; 89 Wisc. 38; 120 N. W. 626; 158 S. W. 1194; 112 Me. 289.

*W. A. Leach*, for appellee.

1.    The evidence is sufficient.    There was substantial evidence to support it.    104 Ark. 260; 103 *Id.* 260; 97 *Id.* 486; 97 *Id.* 438; 87 *Id.* 109; 104 *Id.* 162.

2.    There was no misconduct of the jury.    It was not established.    15 Ark. 403; 29 Cyc. 981, note 97. A juror can not be examined to establish a ground for a new trial, except to show that the verdict was by lot. Kirby & Castle's Digest, § 2595; 97 Ark. 193; 96 *Id.* 400; 67 *Id.* 226; 59 *Id.* 132; 48 *Id.* 396; 35 *Id.* 109; 29 *Id.* 293; 15 *Id.* 403; 37 *Id.* 519.

HUMPHREYS, J.    Appellee brought suit against appellant before a magistrate in Calhoun township, Prairie county, to recover possession of four shoats. The cause was tried in White River township on change of venue from Calhoun township, and judgment rendered in favor of appellee.    The cause was appealed to Prairie circuit court for the Northern District thereof. The result of the trial in the circuit court was favorable to appellee, and an appeal has been prosecuted to this court.

(1)    The first assignment of error is that there is no substantial evidence to support the verdict.    The appellee and his son testified positively that the shoats belonged to appellee.    They identified them by flesh marks and by resemblance to appellee's sow.    The evidence of several other witnesses shows that these shoats ran on the range with appellee's sow.    It is

within the province of the jury to pass upon the credibility of witnesses. The weight to be given the testimony is a question for the jury. A verdict will not be disturbed on appeal if supported by substantial testimony. *Vaughan* v. *Cooper*, 103 Ark. 260; *Rhea* v. *State*, 104 Ark. 162.

(2) The second assignment of error is that the court erred in refusing to give a new trial on account of the alleged misconduct of certain jurors in viewing the sow and shoats when permitted to separate and before rendering a verdict. The only evidence produced to establish the fact that the jurors looked at the sow and shoats while the case was under consideration is the affidavit of Emmett Vaughan to the effect that R. A. Patterson, one of the jurors, told him that he saw the sow and pigs during the trial of the case and the evidence of O. C. Baugh, R. A. Patterson and Malcom Bacon, all members of the jury, to the same effect. Section 2423 of Kirby's Digest is as follows: "A juror can not be examined to establish a ground for a new trial, except it be to establish, as a ground for a new trial, that the verdict was made by lot."

This court said in the case of *Osborne* v. *State*, 96 Ark. 400: "If the verdict is not decided by lot, and it is claimed that it, was decided in any other manner than by a fair expression of opinion by the jurors, such claim must be established by witnesses other than the jurors." What was said in *Osborne* v. *State*, *supra*, has been reaffirmed in the case of *Capps* v. *State*, 109 Ark. 193.

No proof having been offered to establish the alleged misconduct of the jury, other than the statement and testimony of certain jurors, and the affidavit of Emmett Vaughan containing hearsay evidence of a juror, no error was committed by the trial court in refusing to grant a new trial.

The judgment is affirmed.