## McGINLEY v. MARTIN et al.

(Circuit Court of Appeals, Eighth Circuit. July 26, 1921.)

### No. 5789.

1. **Deeds ⚖94—Previous agreements merged in delivered deed, in absence of ground for reformation.**

   All previous conversations or executory agreements, as an agreement for sale at a certain amount per acre, are merged in the delivered deed, conveying lands described by government divisions and subdivisions, for a gross sum, unless the evidence justifies a reformation of the deed for mutual mistake.

2. **Covenants ⚖125(4)—Damages for failure of title to part of land sold in gross is value of part lost and not proportion of price.**

   Where sale of lands described by government subdivisions was for a sum in gross, the measure of damages for breach of covenant for title, by failure of title as to some of the tracts, is not a proportional part of the purchase price, but the value of the land as to which title failed, so as to compensate for the actual loss, not exceeding the consideration paid, the lands being of unequal value.

3. **Covenants ⚖108(1)—Where sale is by government subdivisions, excess of acreage in one will not avail against failure of title of another.**

   Where sale is by government subdivisions, without any acreage being set out following the descriptions, excess of acreage in some of the quarter sections does not entitle the vendor to recover for excess, and consequently will not avail as against claim for damages for failure of title as to other subdivisions.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by Charles E. Martin and others against William McGinley. From an adverse decree, defendant appeals. Affirmed.

James A. Finch, of New Madrid, Mo. (Matt G. Reynolds, of St. Louis, Mo., and Thomas Gallivan, of New Madrid, Mo., on the brief), for appellant.

R. L. Ward, of Caruthersville, Mo. (Everett Reeves, of Caruthersville, Mo., on the brief), for appellees.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The parties will be referred to as they appeared in the court below, the appellees as plaintiffs and appellant as defendant. The action was originally brought on the law side of

the court to recover damages for breach of warranty of title to certain lands in the state of Missouri. The damages claimed were for failure of title to 58 acres, alleged to be of the value of $100 an acre, 2 acres, of the alleged value of $150 an acre, and 9 acres, alleged to be of the value of $100 an acre, of the total value of $7,000. It was also sought to recover the sum of $1,800 by reason of a lease incumbering a portion of the land conveyed. As to the latter claim for $1,800 the court found the issues in favor of the defendant, and, plaintiffs having taken no cross-appeal, this finding is not involved on this appeal.

The deed of the defendant to the plaintiffs contains the usual covenants of warranty, and conveys 5,238 acres for the sum of $253,000, describing the lands by divisions and subdivisions of the government surveys, and not by acreage. The controversy is only over the 5,000-acre conveyance.

The answer of the defendant, so far as necessary to the determination of this appeal, sets up the following defenses:

(1) That the plaintiffs and defendant, prior to the conveyance mentioned in the petition, entered into a written contract which provided that the defendant would sell to the plaintiffs 5,000 acres of land in Pemiscot county, Mo., to be measured off the west side of an 8,500-acre tract known as the Franklin lands, the consideration to be $48 an acre, making the total consideration $240,000.

(2) That by mutual mistake of the parties the surveyor, who prepared the deed, included the lands for which this action is instituted, which did not belong to Franklin and were not intended to be conveyed, and no consideration was paid for them by the plaintiffs, and asks for a reformation of the deed, excluding said lands, in conformity with the terms of the written contract entered into by the parties prior to the execution and delivery of the deed of conveyance.

(3) That some of the governmental subdivisions contained more than the usual 640 acres to a section, and that the plaintiffs obtained the full 5,000 acres contracted for, although the title to the 69 acres failed.

By consent of parties the cause was transferred to the equity side of the court, and upon final hearing a decree entered denying reformation of the deed, and awarding to the plaintiffs the amount claimed by them for the failure of title to the 69 acres, with interest. The cause was heard on oral testimony in open court, and the court made the following findings of fact, which are fully sustained by the evidence and approved by us:

"(a) That lists giving descriptions by separate parcels of the 'Franklin lands,' held by defendant for sale, were furnished to plaintiffs; (b) that from these lists plaintiffs selected the various tracts which they proposed to buy; (c) that dealings were had, whereby plaintiffs and defendant finally agreed upon an average price per acre for the land so selected; (d) that in these dealings it was mutually agreed, or conceded, that the lands were not of the same value; and (e) that in the deed of conveyance the lands were described by the usual government subdivisions, no acreage of any parcel being mentioned or warranted. In other words, all these things show, particularly the deed itself—or the deed construed in the light of these facts—shows, that plaintiffs were buying and defendant was selling each of the tracts selected as individual entities, upon the mutual assumption that a section contained 640 acres; that the described half of a given section con-

tained 320 acres; that a given quarter section contained 160 acres, and so on. Stating it another way, plaintiffs bought and defendant sold upon the basis of the contents of the usual government subdivision, just as though there had been appended after each of such description the words 'more or less.' In fact, as already said, no acreages are set forth following the descriptions. * * *

"I find the issues against the defendant upon his affirmative defense and in favor of plaintiffs. This for the reason that the law is that the alleged mutuality of mistake, for which reformation may be had, must be made out by evidence which is so clear, cogent, and convincing as to leave no doubt in the mind of the court. This burden has not been even approximately met by defendant in this case; and the burden was upon defendant, who affirmatively urged this defense, to make it out by the evidence."

[1] One of the contentions by counsel for the defendant, and upon which a reversal is asked, is that the written contract of the parties, entered into before the final consummation of the sale should control, and it establishes the fact that the sale of the lands was not for a sum in gross, but for $48 an acre, and that for this reason plaintiffs, if entitled to recover at all, can only recover at the rate of $48 an acre for the 69 acres to which the title wholly failed. But the law is too well settled to require the citation of numerous authorities that, when a deed of conveyance is finally executed and delivered, all previous conversations or executory agreements are merged in the deed, unless the evidence justifies a reformation of it for a mutual mistake. Andrus v. St. Louis Smelting Co., 130 U. S. 643, 647, 9 Sup. Ct. 645, 32 L. Ed. 1054; Wright v. Phipps, 90 Fed. 556, 571, affirmed 98 Fed. 1007, 38 C. C. A. 702; Davidson v. Manson, 146 Mo. 608, 620, 48 S. W. 635; Dugan v. Kelly, 75 Ark. 55. 86 S. W. 831; Abbott v. Parker, 103 Ark. 425, 147 S. W. 70. As the finding of the learned trial judge, warranted by the evidence, is that there was no mutual mistake authorizing a reformation, this contention cannot be sustained.

[2] It is next claimed that the amount of damages which plaintiffs were entitled to recover is the proportion the number of acres to which the title failed bears to the number of acres conveyed. Ordinarily the measure of damages for a breach of a covenant for title to a part of the land conveyed is limited to the proportionate part of the purchase price for the whole, with interest. But this rule is limited to conveyances when the price for the land sold was by the acre, or if a city lot by the foot, or where the value of the entire tract is uniform; but it does not apply when the land is sold for a gross sum and the value of the different tracts is not uniform, but some part is more valuable than other parts. In such cases the measure of damages is the value of the land, to which the title failed, so as to compensate the covenantee for the actual loss sustained by him by reason of the eviction, not exceeding the consideration paid. As stated in Griffin v. Reynolds, 58 U. S. (17 How.) 609, 611, 15 L. Ed. 229:

"The measure of damages is the loss actually sustained by the eviction from the land for which the title has failed, and that damage would not usually be ascertained by taking the average value, though the recovery could not exceed the consideration paid, interest, and expenses of suit."

See also Semple v. Whorton, 68 Wis. 626, 32 N. W. 690; Raines v. Calloway, 27 Tex. 678.

In the last-cited case, the Supreme Court of Texas said:

"The jury found that there was a failure of title to the 681 acres, and they valued these 681 acres at the average value of the whole amount of land conveyed; whereas, the true measure of damages, if there was in fact a failure of title to any portion of the land, would be the actual value of the particular lots or parcels to which there was a failure of title, to be ascertained by their relative value compared with the balance of the land, assuming the price agreed on by the parties as the value of the whole."

This was reaffirmed in Hynes v. Packard, 92 Tex. 44, 45 S. W. 562, the court holding:

"If the land lost was of no value, plaintiff was entitled to nothing; and, if of 'little value,' the amount should have been proved."

The evidence establishes beyond question that the value of these lands is not uniform, and that the land from which the plaintiffs were evicted is of the best conveyed to them. It would certainly not be compensation for the loss to allow only for the value pro tanto of the consideration paid for a large tract, if the purchaser is evicted from the most valuable part of the land conveyed, leaving him only the least valuable part.

A purchase of 640 acres of land for $32,000 would be, supposedly, at $50 an acre. It may consist of 320 acres of highly improved land, with valuable buildings on it, while the other 320 acres may be wild lands, with no improvements of any kind, some of it, perhaps, unsuitable for cultivation. The title to the improved 320 acres fails, and the purchaser is evicted therefrom, leaving him only that part of the purchased tract, which is of but little value. Would he be compensated for the damage sustained by the failure of title to the valuable lands, if limited to a recovery of the purchase price pro tanto? Clearly not. In such a purchase the improved part may have been estimated by the parties as of the value of $80 an acre and the other at $20 an acre; but the consideration paid for the entire tract was at the average rate of $50 an acre.

The principal case on which the defendant relies is Conklin v. Hancock, 67 Ohio, 455, 66 N. E. 518. But in that case the petition expressly charged that the sale of the land was for $500 an acre; that by reason of the addition of the 3.24 acres (the tract to which the title failed) the consideration was increased by the sum of $500 an acre, amounting to $1,620, for which judgment was asked. The answer admitted these allegations, but denied that the 3.24 acres were worth $500 an acre, except that, in view of the value of the 260 acres conveyed, and to which there was no failure of title, it was well worth it. Nor was there any evidence to show that the value of the 3.24 acres was not the same as that of the 260 acres. The court in its opinion in that case fully recognized the rule adopted by the court below in the instant case. It held:

"The general rule, as recognized in this state and in most other jurisdictions, is that, if the land is not all of the same quality, the measure of damages is such proportion of the consideration as the value of the land of which the grantor was not seized bears to the value of the whole premises. * * * On the other hand, it must be conceded that, where the land conveyed is all of the same quality, the measure of damages is such proportion of the con-

sideration as the quantity of the land lost bears to the whole quantity conveyed; for it must be obvious that when a deed conveys a stated quantity of land, which is uniform in quality or value, for a consideration expressed in gross amount, the actual loss upon which a breach of the covenant of seisin as to a part would be a part of the consideration determinable by the proportion which the part of the land to which the title failed bears to the whole quantity conveyed."

In Stewart v. Hadley, 55 Mo. 245, one of the pleas, as in the case at bar, asked for a reformation of the deed for a mutual mistake. The court found that the recital by the deed giving the consideration in gross was by a mutual mistake and reformed it. Numerous other cases are cited by counsel, which have been carefully examined; but they are based upon facts differing from those in the case at bar, and therefore inapplicable. That evidence to show that the consideration recited in a deed was not the true consideration is admissible is beyond question, but there is no such issue in this case. The consideration set forth in the deed is admitted to be that paid by the plaintiffs.

[3] The contention that as some of the governmental quarter sections conveyed contained more than 160 acres, and that the plaintiffs have received as many acres as they paid for is untenable. As found by the learned trial judge:

"Plaintiffs bought and defendant sold upon the basis of the contents of the usual government subdivision, just as though there had been appended after each of such description the words 'more or less.' In fact, as already said, no acreages are set forth following the descriptions."

In such descriptions there can be no recovery by either party for a greater or less amount of acres in the subdivision. Wood v. Murphy, 47 Mo. App. 539; Jeffords v. Dreisbach, 168 Mo. App. 580, 584, 153 S. W. 274.

The decree is for the right parties, and is affirmed.