### ABBOTT v. PARKER.

### Opinion delivered May 6, 1912.

1. DEEDS—EVIDENCE—VARYING WRITING BY PAROL.—Where the language of a deed is plain, certain and unambiguous, its construction is a question of law, and the court will not consider the surrounding facts or circumstances. (Page 428.)

2. SALES OF LAND—DEED AS CONSTRUCTIVE NOTICE.—Under Kirby's Digest, section 762, making recorded deeds "constructive notice" from the time they are filed for record, a purchaser of land or of any interest therein is not charged with constructive notice of any fact which is not connected with the course of his title. (Page 428.)

3. TRIAL—TAKING QUESTION FROM JURY.—Where there was a conflict in the evidence upon a certain issue, it was error to take the issue from the jury by an instruction. (Page 429.)

4. SALES OF LANDS—CONSTRUCTIVE NOTICE.—A purchaser of lands takes them with constructive notice of whatever appears in the conveyance which constitutes his chain of title; and if sufficient appears therein to put a prudent man on inquiry which would, if prosecuted with ordinary diligence, lead to actual notice of a right or title in conflict with what he is about to purchase, and he fails to make such inquiry, the law will charge him with the actual notice which he would have received if he made it. (Page 429.)

5. SAME—INNOCENT PURCHASER—BURDEN OF PROOF.—Upon one who claims to be an innocent purchaser rests the burden of proving his good faith. (Page 429.)

Appeal from Clark Circuit Court; *Jacob M. Carter*, Judge; reversed.

STATEMENT BY THE COURT.

This is an action of trespass brought by H. D. Parker against J. R. Abbott to recover damages for tearing down

and removing an ice house on a certain town lot of which the plaintiff claimed to be the owner.

The defendant Abbott sought to justify his conduct in tearing down and removing the ice house on two grounds: First, he claimed that the ice house was excepted from the deed executed to Parker. Second, he averred that he was a *bona fide* purchaser for value without notice of the ice house.

The facts are substantially as follows: The Grayson-McLeod Lumber Company was the original owner of the south half of lot 6, in block 5, Railway Survey of the town of Gurdon, in Clark County, Arkansas. On April 18, 1907, F. E. Wright wrote to the lumber company as follows: "According to promise this A. M., please issue me a warranty deed to south half of lot 6, block 5, with the express understanding that the Grayson-McLeod Lumber Company reserve right to use of ice house on rear of lot until they choose to remove same or build new house." On April 18, 1907, the Grayson-McLeod Lumber Company, by warranty deed conveyed the said half lot to Wright, and there is a reservation in the deed which is as follows: "Reserving, however, the right to use the rear end of the lot for the use of an ice house for the period of five years." The deed was prepared by the Grayson-McLeod Lumber Company, and was properly acknowledged, but it was not filed for record until July 29, 1911. On April 23, 1907, Wright, by warranty deed containing no reservation, conveyed said half lot to H. D. Parker, and this deed was filed for record on March 30, 1908. On March 30, 1910, Abbott by verbal contract purchased the ice house on the rear end of the lot from the Grayson-McLeod Lumber Company. Soon thereafter he tore down and removed the ice house from the lot.

The plaintiff, Parker, testified that he informed Abbott before he paid the purchase money to the lumber company that he was the owner of the lot. His testimony that this information was imparted to Abbott before he paid the purchase money to the lumber company was corroborated by Judge Haynie.

J. R. Abbott for himself testified: "I gave $10 for the ice house. It was the only building on the lot, and there was nobody in possession of the lot when I purchased the

ice house except the Grayson-McLeod Lumber Company. I gave $10 for the ice house, and tore it down, and removed the lumber away before I knew that Parker claimed the lot on which it was situated."

There was a trial before the jury which resulted in a verdict for the plaintiff, and the defendant has appealed.

*John H. Crawford,* for appellants.

1. It was error to refuse the third instruction. A contract and a deed may vest in two separate instruments. 52 Ark. 31; 62 *Id.* 330; 75 *Id.* 90-94; 29 S. C. 533; 2 L. R. A. 212; 1 Gr. on Ev., § 283; 136 U. S. 83. A complete contract may be gathered from letters, writings, telegrams, etc., binding under the Statute of Frauds. 136 U. S. 83. A vendee is affected with constructive notice of all recitals in his chain of title, whether recorded or not. 29 Ark. 650-9; 43 *Id.* 464-7; 50 *Id.* 322-7; 60 *Id.* 599.

2. Abbott was an innocent purchaser, *bona fide,* for value. Kirby's Dig., § 762-3; 3 Washb. Real Pr. § 2204; 86 Ark. 202; 11 Tex. 89; 90 Ill. 302; 42 Ia. 577; 50 Miss. 158; 40 Ill. 535; 75 *Id.* 211; 105 *Id.* 609; 47 Ind. 358; 18 Neb. 195; 39 Am. Dec. 614; 29 N. W. 608; 23 Me. 165; 70 Ia. 718; 3 Wash. Real Prop. § 2200; 74 Tex. 102; 11 S. W. 1070; 76 Ark. 525. A deed duly recorded is constructive notice to all persons claiming under the same grantor, but not to other persons. Cases *supra.* A deed from the vendee of a vendor is not notice to a subsequent purchaser from the same vendor, if the first deed is not of record; the record of a conveyance is only notice to subsequent purchasers under the same grantor. 84 Tex. 642; 19 S. W. 855; 3 Wash. Real Pr., § 2200; 11 N. J. Eq. 246; 74 Tex. 102; 11 S. W. 1070; 23 Me. 165; 39 Am. Dec. 614; 76 Ark. 525.

*G. R. Haynie,* for appellee.

1. Appellant had notice of the claim of appellee. Kirby's Dig. § 762; 16 Ark. 543; 13 Ark. 555; 16 Ark. 547. The registration laws of this State are reviewed in 16 Ark, 543; 9 *Id.* 112; 58 *Id.* 252; 73 Ark. 79. The record of a deed is constructive notice of its contents to all subsequent purchasers.

2. Abbott had actual notice.

3. The instruction that the reservation to the Grayson-

McLeod Lumber Company was not subject to assignment was improper. No mention of successors or assigns, or words of the same import, are used in the reservation. It is exclusively to the Grayson-McLeod Lumber Company, and was personal and lapsed with the expiration of the five years. 88 Ark. 152.

HART, J., (after stating the facts). It is first contended by counsel for the defendant that the court erred in refusing to instruct the jury that the letter from F. E. Wright to the Grayson-McLeod Lumber Company should be considered as explaining and qualifying the deed of the lumber company to Wright, but we do not think so. The language of the deed is plain, certain and unambiguous, and in such cases the court will not consider the surrounding facts or circumstances. The construction of a deed or contract, free from ambiguity, is a question of law. *Dugan* v. *Kelly*, 75 Ark. 55.

2. It is next contended by counsel for defendant that the court erred in giving the following instruction to the jury:

"Gentlemen of the jury, under the evidence and pleadings in this case, you will find for plaintiff, unless you find from a preponderance of the evidence that the plaintiff, by his conduct, has authorized the defendant to go ahead and tear down the house, and as contended by defendants."

In this contention we think he is correct.

It is first insisted by counsel for plaintiff that the defendant Abbott had constructive notice of his claim to the land under section 762 of Kirby's Digest. He contends that plaintiff brought himself within its provisions by recording the deed from Wright to himself on March 30, 1908, which was prior to the time that the defendant claims to have purchased the ice house. It will be noted that the deed from the Grayson-McLeod Lumber Company to Wright was not filed for record until July 29, 1911, which was subsequent to the purchase of the house by the plaintiff.

The deed of the lumber company to Wright, not being of record at the time Abbott purchased the ice house, was not constructive notice to Abbott of the fact of its execution. Under the statute above referred to as construed by this court, a purchaser of land or any interest therein is not charged with constructive notice of any fact which is not connected with

the course of his title. *Rozell* v. *Chicago Mill & Lumber Company*, 76 Ark. 525; *Turman* v. *Sanford*, 69 Ark. 95; *Singer* v *Naron*, 99 Ark. 446. To the same effect see Devlin on Deeds, §§ 713-4, (1 ed.); 3 Washburn, Real Property, §§ 2200-2224 (6 ed.); *Frank* v. *Heidenheimer*, 84 Tex. 642 (19 S. W. 855); *Davidson* v. *Pyle*, (Tex.) 124 S. W. 616.

3. Counsel for plaintiff also insist that the undisputed evidence shows that the defendant Abbott had actual knowledge of his deed to the lot in question before he paid the purchase money for the ice house, but in making this argument they have failed to take into consideration the testimony of the defendant Abbott. He testifies in positive terms that he bought the ice house and paid for it before he had any knowledge whatever that the plaintiff Parker claimed to own the lot. This presented an issue of fact on this question, which should have been submitted to the jury, and the instruction in question is erroneous because it excluded that issue from the jury.

In view of another trial of the case, it may be well to call attention to what this court has already said upon the question of actual notice. In the case of *Gaines* v. *Summers*, 50 Ark. 323, the court held:

"A purchaser of lands takes them with constructive notice of whatever appears in the conveyance which constitutes his chain of title; if sufficient appears therein to put a prudent man on inquiry, which would, if prosecuted with ordinary diligence, lead to actual notice of right or title in conflict with what he is about to purchase, and he fails to make such inquiry, the law will charge him with the actual notice he would have received if he had made it." See *Cooper* v. *Flesner*, (Okla.) 23 L. R. A. (N. S.) 1180; Wade on the Law of Notice, (2 ed.) §§ 5-14; Devlin on Deeds, § 727.

Upon one who claims to be an innocent purchaser rests the burden of proving his good faith. *Steele* v. *Robertson*, 75 Ark. 228; *Bates* v. *Bigelow*, 80 Ark. 136.

For the error in giving instruction No. 1, copied above, the judgment will be reversed, and the cause remanded for a new trial.