FRY *v*. WHITE.

## Opinion delivered March 11, 1918.

COSTS—AWARD BY CHANCELLOR—EQUITIES OF THE PARTIES.—While the chancellor may, in the exercise of a sound discretion, apportion the costs according to equitable principles when the facts justify such action, but that rule is not applicable where one party has superior equities to the other; costs should never be adjudged against one holding superior equities. There is no room for the exercise of a discretion by a chancellor when a superior equity rests in one as against the other.

Appeal from Pope Chancery Court; *Jordan Sellers,* Chancellor; reversed.

*J. G. Wallace & Son* and *J. T. Bullock,* for appellants.

1. Appellants' equities are superior to those of appellee and it was error to adjudge the costs against them. John W. White was not an innocent purchaser. 35 Ark. 103; 43 *Id.* 464; 94 *Id.* 301; 97 *Id.* 398; 103 *Id.* 425; 45 Ark. Law Rep. 197; 95 Ark. 582; 53 Fed. 875; 58 Ark. 91. He is charged with constructive notice. Kirby's Digest, § 762; Jones on Mortg. § 456.

2. White's mortgage was void for uncertainty. 48 Ark. 49; 40 *Id.* 536; 43 *Id.* 353; 35 *Id.* 470; Pom. Eq. Jur. § 654; 1 Jones on Mortg. § 66.

3. White should pay these costs. His remedy is against J. H. Fry.

*Hays & Ward,* for appellee.

1. In chancery cases the question of costs is within the sound discretion of the chancellor. 18 Ark. 207; 19 *Id.* 148; 36 *Id.* 383; 66 *Id.* 7; 80 *Id.* 108, 138; 86 *Id.* 608, 613; 80 *Id.* 280.

2. The findings of a chancellor will not be disturbed unless clearly against the preponderance of the evidence. Here they are not.

HUMPHREYS, J. W. C. Fry, M. M. Fry and J. W. Fry, appellants, and J. H. Fry obligated themselves to pay R. J. Wilson $50,000, in five equal yearly instalments, balance of purchase money for 2,400 acres of land in

Pope County. Parts of the lands were sold by the Frys in small tracts, subject to Wilson's mortgage, for the purpose of partially liquidating the indebtedness to him. The unsold parts of the lands were partitioned, 480 acres to J. H. Fry and 1,200 acres to appellants, subject to the Wilson mortgage. W. C. Fry, M. M. Fry and J. W. Fry sold 800 acres of the lands apportioned to them to J. H. Fry and L. D. Ford, and as part consideration, said Fry and Ford agreed to pay the balance due R. J. Wilson by the other three Fry brothers, the grantors in said deed. Afterwards, L. D. Ford sold his undivided one-half interest in 680 acres out of the 800 acre tract to R. H. Fry, who was a son of J. H. Fry, and as part consideration, R. H. Fry agreed to pay one-half of the R. J. Wilson mortgage. Subsequently, J. H. Fry executed a mortgage upon his part of said lands to John W. White, the appellee herein, to secure an indebtedness for $8,300. Default was made in the payment of the R. J. Wilson mortgage to the amount of $12,578.49 and foreclosure proceedings were instituted in the Pope Chancery Court to collect same out of the entire 2,400 acres of land. Fry and all subsequent purchasers were made parties to the foreclosure proceedings. Judgment was rendered against J. H. Fry, W. C. Fry, M. M. Fry and J. W. Fry for Wilson's debt and a lien was declared upon the entire 2,400 acres to pay same. A sale was ordered, first, of the lands acquired by J. H. Fry and his son. The lands were sold to appellee for $23,338.48. Out of the proceeds of the sale, the R. J. Wilson debt, interest and costs were paid and the balance applied on appellee's indebtedness. The amount of the bid was sufficient to pay both the R. J. Wilson debt and appellee's debt, but the accrued costs in the Wilson foreclosure suit amounted to $217.55, and the bid was not sufficient to cover this amount. Appellee having received $217.55 less than was due him out of the bid, the payment of the costs out of the proceeds, was treated as a payment by appellee to R. J. Wilson for W. C. Fry, M. M. Fry and J. W. Fry, and appellee was subrogated to R. J. Wilson's right as against them. To this

action of the chancellor, exceptions were saved and an appeal has been prosecuted to this court.

Appellants contend that their equities are superior to those of appellee, and that the court erred in placing the costs of the Wilson foreclosure on them. Appellee contends that the cost of the Wilson foreclosure was placed upon appellants by the court in the exercise of a sound discretion, which is conclusive of the case.

Learned counsel for appellee have cited numerous authorities in support of the position that costs are not necessarily adjudged against the losing party in chancery cases, but that the chancellor may, in the exercise of a sound discretion, apportion the costs according to equitable principles when the facts justify. The rule contended for is sound but is only applied when equities between the various parties warrant it. For example, if one party is at fault more than another, it is proper to distribute the costs according to the fault of each; or, if equally at fault, to divide the costs; or to adjudge the entire costs against the party wholly at fault. But the rule is not applicable in cases where one party has superior equities to the other. The costs in that character of case should never be adjudged against a party holding superior equities. For example, a prior lienor should recover the costs necessary to enforce his lien before a junior lienor would be entitled to his debt or costs. There is no room for the exercise of a discretion by a chancellor when a superior equity rests in one as against the other.

Appellee's equities can not rise higher than the equities of his mortgagor, J. H. Fry, unless he can be classed as an innocent purchaser for value. The deeds of date September 2, 1910, partitioning the lands between J. H. Fry and his brothers, were recorded before appellee obtained his mortgage from J. H. Fry, which was constructive notice to him that the lands had been partitioned and conveyed subject to R. J. Wilson's mortgage. Likewise, the deed of date October 13, 1910, from appellants to J. H. Fry and L. D. Ford, was of record and was constructive notice to him at the time he obtained his

mortgages that J. H. Fry and L. D. Ford had assumed the payment of the R. J. Wilson mortgage. Appellee was not an innocent purchaser for the further reason that the deeds in his chain of title apprised him that J. H. Fry, his mortgagor, was obligated to pay the Wilson mortgage. "A subsequent purchaser is affected with notice of all recitals in the title deeds of his vendor, whether recorded or not." *Abbott* v. *Parker,* 103 Ark. 425, and authorities cited therein on the point. Appellant's equities were superior to the equities of J. H. Fry, according to the title papers, and the recitals therein being sufficient to impart notice to appellee of appellant's prior equities over J. H. Fry, the chancellor erred in subrogating appellee to R. J. Wilson's right to collect the costs out of appellants. Appellee's remedy is against J. H. Fry, his mortgagor.

The decree in favor of appellee against appellants for $217.55 is reversed.