WEISER-BROWN OIL COMPANY
*v.* Margie Gould SNEED and ARKANSAS
WESTERN OIL COMPANY

78-255                                                          577 S.W. 2d 1

Opinion delivered February 19, 1979
(Division I)

*Keith, Clegg & Eckert,* for appellant.

*Ball & Mourton,* for appellees.

CONLEY BYRD, Justice. The Sneed brothers, Malcolm H., Hugh M., W. J. and Sebron Travis Sneed, Jr., entered into a partnership agreement in 1946, providing that any mineral interest theretofore or thereafter acquired in any lands, wherever located, was partnership property even though such interests may have been conveyed to only one or less than all of the partners in their individual name or names. The Partnership Dissolution Agreement of April 1967, confirmed the 1946 Partnership Agreement as to all mineral interests so acquired prior to March 1, 1967. However, the mineral interests herein involved were not included in the April 1967 Dissolution Agreement. Both the 1946 Partnership Agreement and the April 1967 Dissolution Agreement were duly recorded in Johnson County.

This litigation arises out of a deed dated January 9, 1967, wherein Curtis Kinard, et ux, conveyed to S. T. Sneed, Jr. and Margie G. Sneed, husband and wife, the minerals here in question. February 21, 1967, S. T. Sneed, Jr. conveyed the minerals to Margie G. Sneed. S. T. Sneed died on August 1, 1971, with Margie G. Sneed surviving. Margie G. Sneed leased the minerals to appellee, Arkansas Western Oil Company, on January 21, 1974. On July 16, 1974, a gas well on the mineral lease was completed with an estimated value of $1,320,000.00. Appellant, Weiser-Brown Oil Company, acquired its lease from Malcolm H. Sneed, Hugh M. Sneed and W. J. Sneed on September 23, 1975.

The three surviving Sneed brothers and appellant

Weiser-Brown Oil Company brought this action to declare that each of the three brothers owned a one-fourth interest in the Kinard minerals and that the lease to appellee, Arkansas Western Oil Company only conveyed a one-fourth interest. The chancellor found that the mineral interests purchased from Kinard were purchased with partnership funds and that each of the three surviving brothers was entitled to a one-fourth interest therein subject, however, to the lease of appellee, whom the court found to be a bona fide purchaser for value and without notice. Only Weiser-Brown Oil Company has appealed. It contends that the recordation of the 1946 Partnership Agreement and the April 1967 Dissolution Agreement constituted constructive notice that the mineral interest acquired from Curtis Kinard was partnership property. Cited in support of its argument is *Abbott* v. *Parker*, 103 Ark. 425, 147 S.W. 70 (1912).

To support the chancellor's decision that appellee's lease from Margie G. Sneed covered all of the mineral interest acquired from Curtis Kinard, appellee relies among other things on Ark. Stat. Ann. § 65-110(3) (Repl. 1966), which provides:

> "(3) Where title to real property is in the name of one or more but not all the partners, *and the record does not disclose the right of the partnership,* the partners in whose name the title stands may convey title to such property, but the partnership may recover such property if the partners' act does not bind the partnership under the provisions of paragraph (1) of Section 9 [65-109], unless the purchaser or his assignee, is a holder for value, without knowledge." (Emphasis ours.)

Appellant, to counter appellee's contention, contends that the recordation of the 1946 Partnership Agreement and the April 1967 Dissolution Agreement disclosed "the right of the partnership" within the meaning of Ark. Stat. Ann. § 65-110(3), *supra,* so as to defeat the claim of appellee. We disagree with appellant for the reasons hereinafter stated.

In *Abbott* v. *Parker*, 103 Ark. 425, 147 S.W. 70 (1912), we held:

"A purchaser of lands takes them with constructive notice of whatever appears in the conveyance which constitutes his chain of title; if sufficient appears therein to put a prudent man on inquiry, which would, if prosecuted with ordinary diligence, lead to actual notice of right or title in conflict with what he is about to purchase, and he fails to make such inquiry, the law will charge him with the actual notice he would have received if he had made it."

As we interpret the italicized portion of Ark. Stat. Ann. § 65-110(3), *supra*, the term *record* refers back to the record of the title held in the name of one or more but not all of the partners — *i.e.* the title acquired by S. T. Sneed, Jr. and Margie G. Sneed from Curtis Kinard. To overcome this construction of the statute, appellant, relying upon *Snyder v. Bridewell*, 167 Ark. 8, 267 S.W. 561 (1924), contends that the 1946 Partnership Agreement was an instrument in the chain of appellee's title.

In *Snyder v. Bridewell, supra*, the Nashville Lumber Company had mortgaged to Lesser-Goldman Cotton Company "all property owned by the Nashville Lumber Company or afterwards acquired by it, in Howard and other counties in Arkansas." Before foreclosure the Nashville Lumber Company conveyed the property in dispute by specific and definite description to the Graysonia-Nashville Lumber Company. Lesser-Goldman Cotton Company foreclosed on the land which was purchased by Bridewell at the foreclosure sale. Bridewell brought suit to recover from Snyder the remaining purchase price due in the sale from Bridewell to Snyder. The trial court overruled Snyder's contention that, because of the specific description in the conveyance to Graysonia-Nashville Lumber Company, Bridewell acquired no title at the foreclosure sale. In upholding the trial court we pointed out that such a description was valid where a conveyance furnished a key by which the land sought to be conveyed can be identified. We there pointed out that a "description covering all the lands owned by said company in said counties is definite enough to satisfy our registration laws." From the statements in the majority and concurring opinions it appears that the property involved was owned by the

Nashville Lumber Company at the time of the execution of the mortgage — *i.e.* we do not interpret the decision as saying that such a description is sufficient to furnish a key to the description of any property acquired after the execution of the mortgage. Consequently, we cannot agree that the 1946 Partnership Agreement would be an instrument in the chain of title conveyed in 1967 by Curtis Kinard to S. T. Sneed, Jr. and Margie G. Sneed.

Furthermore, since the Kinard conveyance was to S. T. Sneed, Jr. and Margie G. Sneed, husband and wife, Margie G. Sneed was a purchaser of an estate by the entirety from Kinard and following the death of her husband became the sole owner of record for purpose of conveying title. Therefore appellee, in checking the title to the Curtis Kinard mineral interest, had every right to disregard any conveyances made by S. T. Sneed during his lifetime, *Branch* v. *Polk*, 61 Ark. 388, 33 S.W. 424 (1895), since Margie G. Sneed would at that time stand of record as the sole surviving purchaser of the Kinard mineral interest.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and PURTLE, JJ.