**Louise BOUTA, Appellant,**

v.

**The AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, Appellees.**

**No. 84-5012.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1984.

Decided Oct. 18, 1984.

Louise Bouta, appellant, pro se.

Gregg M. Corwin, Minneapolis, Minn., for appellees.

Before HEANEY, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Louise Bouta appeals pro se from the District Court's [1] order granting summary judgment against her in this sex and age discrimination action that she filed against her former union, the Minnesota State Employees Union. We affirm.

Bouta brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–634, alleging that because of her sex and age the Union failed to grieve the State's denial of her request for a transfer to the Minnesota State Correctional Department. She further alleged that during her employment as a social worker at Cambridge State Hospital the Union failed to represent her in grievances concerning a two-week suspension and the denial of a promotion because of her sex and age. Bouta sought backpay and damages for mental and emotional distress.

In its motion for summary judgment the Union, addressing the failure to grieve the transfer claim, argued that its decision not to file a grievance was reasonable because Bouta had failed the test for correctional agent and had no right to a transfer under the applicable collective bargaining agreement. Responding to the failure to grieve the suspension claim the Union pointed out that it set this grievance for arbitration but that before the arbitration date another union, the Minnesota Association of Professional Employees, became the exclusive representative for state professional employees and succeeded to the grievance. Bouta admitted in a deposition which the Union filed with the summary judgment motion that the Union had set the grievance for arbitration and had lost its status as exclusive representative before the arbi-

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

tration date. Finally, with regard to the claim that it failed to grieve the denial of a promotion, the Union noted that in the deposition Bouta admitted that the Union had represented her in this grievance.

In her response to the motion for summary judgment, Bouta did not respond to the Union's contention that she had admitted receiving representation on the two week suspension and denial of a promotion grievances; rather, she emphasized that the "primary focus" of her case was the refusal to grieve the denial of a transfer. She went on to argue that although she had no right to receive a transfer she did have a right, under the applicable collective bargaining agreement, to request a transfer and the Union unfairly acquiesced in the State's refusal to consider her request. Bouta did not dispute, however, that she failed to pass the test for correctional agent, nor did she challenge the test as discriminatory.

Bouta filed no affidavits or other documents in conjunction with her response to the motion for summary judgment.

In granting the Union summary judgment, the District Court found that since there was no dispute that the Union had represented Bouta on the two week suspension and denial of a promotion grievances, the Union was entitled to judgment on her claims that it discriminatorily failed to represent her on these grievances. The court further found that the Union was entitled to judgment on the remaining claim involving the denial of the transfer because Bouta had presented no evidence to suggest that her sex or age played any part in the Union's decision not to grieve the transfer denial. The court concluded that the Union reasonably declined to grieve the transfer denial because Bouta had failed the test for correctional agent and had no right under the collective bargaining agreement to obtain a transfer.

In her brief before this court Bouta presents information which, she argues, demonstrates that the Union refused to represent her for discriminatory reasons. This information, however, was not presented to the District Court, and thus cannot be considered by us in our review of the District Court's grant of summary judgment in favor of the Union.

A reviewing court should sustain a grant of summary judgment only when there is no genuine issue of material fact for the jury to decide and the movant is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c), *Hartford Accident and Indemnity Co. v. Stauffer Chemical Co.*, 741 F.2d 1142, at 1144 (8th Cir.1984). In deciding whether a question of fact exists, the reviewing court must examine the record as it was presented to the trial court and must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Hartford Accident and Indemnity Co.*, at 1144.

▉ The record before the District Court when it considered the summary judgment motion was scant. Other than the pleadings and Bouta's response to the motion, the court had before it only two depositions that the Union had taken of Bouta and a union official who had represented her in some of her grievances against Cambridge State Hospital. A party opposing a motion for summary judgment "may not rest upon the mere allegations ... of his pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Fed.R.Civ.P.* 56(e). We agree with the District Court that Bouta did not show the existence of a genuine issue for trial and that summary judgment against her was appropriate.

Accordingly, we affirm the judgment below.