754 F.2d 273
 Hawai JOHNSON, Appellant,
v.
Crispus NIX; Counselor Eaves; Guidance Officer Art Rommel;
Sgts. Morris, Short, Correctional Officers,
Forsyth, Helmick, Mosena, Ellfritz,
Johnson, Crane, Appellees.
 No. 84-1683.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1984.
Decided Feb. 6, 1985.
 
 Hawai Johnson, pro se.
 Gordon E. Allen, Asst. Atty. Gen., Des Moines, Iowa, for appellees.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hawai Johnson, an Iowa state inmate, appeals pro se from the district court's[1] order granting summary judgment in favor of Bernard Eaves, a correctional counselor, and Ron E. Forsythe, a correctional officer.[2] We affirm.
 
 
 2
 Appellant filed an action pursuant to 42 U.S.C. Sec. 1983, alleging that the prison officials had maliciously and intentionally interfered with his receipt of eight editions of the October and November Des Moines Register. Appellees filed a motion for summary judgment with supporting affidavits. In an affidavit Don Mallinger, business manager of the penitentiary, stated that appellant had paid for an October subscription for the daily edition of the newspaper through the cashier's office. Mallinger also stated that to the best of his knowledge appellant had received all October papers. Mallinger stated that if an inmate who paid for a newspaper subscription through the cashier's office failed to receive a copy of a newspaper, the inmate must send a memo to the cashier's office or to Mallinger and that neither he nor the cashier's office had received such a memo from appellant. In his affidavit appellee Eaves stated that he had processed two memos from appellant to the mail room regarding his papers but that appellant had not submitted a memo to the cashier's office. Appellee Forsythe stated that during the times in question he was not responsible for distribution of newspapers to appellant. In opposition to the motion, appellant filed a "resistance" and supporting exhibits.
 
 
 3
 "A reviewing court should sustain a grant of summary judgment only when there is no genuine issue of material fact for the jury to decide and the movant is entitled to judgment as a matter of law." Bouta v. American Federation of State, County & Municipal Employees, 746 F.2d 453, 454 (8th Cir.1984) (per curiam). Furthermore, "[a] party opposing a motion for summary judgment 'may not rest upon the mere allegations ... of his pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial." Id. (quoting Fed.R.Civ.P. 56(e)).
 
 
 4
 We have carefully reviewed the entire record in this case. We agree with the district court that although appellant disputed certain statements in appellees' affidavits, none of the disputes were material. For example, as to appellee Eaves's affidavit, appellant noted that Eaves had not informed him he was supposed to send his inmate memos to the cashier's office instead of the mail room. As to Forsythe's affidavit, appellant asserted that Forsythe often worked areas to which he was not assigned. Appellant also asserted that Forsythe refused his request to help him locate the missing newspapers because Forsythe had informed appellant that he had a "bad attitude." The district court correctly noted that although Forsythe may have indicated "a lack of active interest in helping plaintiff locate missing newspapers," appellant's assertion "did not establish a fact issue as to malicious and intentional interference with plaintiff's receipt of newspapers."
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 In a previous order the district court dismissed the action as to other named prison officials, unless appellant filed an amended complaint specifying facts as to how the officials violated his constitutional rights. Appellant did not file an amended complaint, nor does he challenge the dismissal of the defendants on appeal