Mr. Martin **BORCHERT** and Mrs. Rosemary Borchert, Dr. James F. Kyser and Mrs. Patricia A. Kyser and Mr. Fred Selz and Mrs. Miriam Selz, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 84–1241.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1985.

Decided March 19, 1985.

---

O.H. Storey, III, Little Rock, Ark., for appellants.

Thomas Preston, Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and MEREDITH *, District Judge.

HEANEY, Circuit Judge.

Martin Borchert, James F. Kyser, Fred Selz, and their spouses appeal from an order of the district court [1] granting summary judgment in favor of the United States. For reversal, the appellants contend that the district court erred in disallowing deductions for certain alleged interest payments. For the reasons discussed below, we affirm.

In 1970, the appellants organized a partnership to construct and operate the Watergate Apartments in Little Rock, Arkansas. To finance construction, the partnership obtained a loan from Modern American Mortgage Corporation (Modern American). At the end of construction, the Federal National Mortgage Association (FNMA) purchased the loan from Modern American. As part of its commitment to purchase the loan, FNMA required a loan discount fee of $80,114.

During the course of construction, the partnership sought to increase the amount of its mortgage loan. In connection with this plan, the partnership asked its contractor, Rock Steel Building Company (Rock Steel) to delay its final draw under the contract. Rock Steel agreed to do so, provided that the partnership would guarantee a $160,000 loan which Rock Steel had obtained from Union National Bank of Little Rock. The partnership agreed to guarantee the note and paid a total of $16,493.48 as interest on Rock Steel's indebtedness to the bank.

On their individual 1973 tax returns, the appellants claimed proportionate shares of the loan discount fee and the $16,493.48 payment as interest expense deductions.

---

* The HONORABLE JAMES H. MEREDITH, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

26 U.S.C. § 163(a). The Internal Revenue Service disallowed the deductions and assessed deficiencies. The appellants paid the deficiencies and filed claims for refunds, which were denied. The appellants then filed this action for a tax refund in the district court. 28 U.S.C. § 1346(a)(1). The government moved for summary judgment, arguing that the deductions were properly disallowed because the loan fee was paid from loan proceeds and because the payment was made on behalf of a third party. The district court agreed and granted summary judgment in favor of the government.

"A reviewing court should sustain a grant of summary judgment only when there is no genuine issue of material fact for the jury to decide and the movant is entitled to judgment as a matter of law." *Bouta v. American Federation of State, County, and Municipal Employees,* 746 F.2d 453, 454 (8th Cir.1984) (per curiam). Furthermore, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise * * *, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed.R.Civ.P. 56(e).

■ It is well settled that "[w]hen interest is withheld from loan proceeds (a discounted loan) the taxpayer is considered to have paid by note rather than with cash or its equivalent[,]" and cannot claim an interest deduction. *Wilkerson v. Commissioner,* 655 F.2d 980, 982 (9th Cir.1981). Furthermore, if the "transaction is the equivalent of a discounted loan," an interest deduction is also disallowed. *Id.* The appellants argue that the district court erred in granting summary judgment because there was a genuine issue of fact whether the discount fee was paid from loan proceeds or separate funds. We disagree.

■ In a deposition accompanying the government's motion for summary judgment, John Kooistra, Jr., the Executive Vice President of Modern American at the time the loan was made, stated his belief that the loan discount fee was withheld from loan proceeds. The closing statement reflects that the discount fee was withheld from the proceeds. In a letter to appellants' counsel, Kooistra explained that, in order to simplify matters and reduce the number of checks written at closing, "we withheld from the disbursement the sum of $111,740.42 which totals the payments required to be paid by the partnership to Modern American Mortgage or Federal National Mortgage Association * * *." We have carefully reviewed the record and find no support for appellants' contention that the loan discount fee was paid from sources other than the loan proceeds.

■ We also find that the district court correctly held that the $16,493.48 payment made on behalf of Rock Steel could not be claimed as an interest deduction. "It has long been established that for interest to be deductible under section 163(a), the interest must be on the taxpayer's own indebtedness, not the indebtedness of another." *Golder v. Commissioner,* 604 F.2d 34, 35 (9th Cir.1979).

Accordingly, the judgment of the district court is affirmed.