**In re Joe Thomas SWAFFAR and Sandra Carol Swaffar, Debtors.**

**HARRISON PROPERTIES, LTD., and Gary R. ("Butch") McCallum, Plaintiffs,**

v.

**Donald M. SPEARS, Nell Spears, Richard L. Cox, Trustee of the Estate of Joe T. Swaffar and Sandra Swaffar, Motel Managers, Inc., David Henry, Steve R. Wood, Linda Wood, Shantilal Patel, Pragna Patel, AMBA, LLC, Defendants.**

Bankruptcy No. 95–40532M.
Adversary No. 96–4146.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

July 8, 1998.

---

Basil V. Hicks, North Little Rock, AR, for Debtor.

Patrick James, Geoffrey B. Treece, Little Rock, AR, for Donald M. Spears, Nell Spears and Motel Managers, Inc.

C. Richard Crockett, R.J. Brown, Little Rock, AR, for Harrison Properties, Inc. and Gary R. ("Butch") McCallum.

Gail Inman–Campbell, Harrison, AR, for Steve Wood and Linda Wood.

Marian M. McMullan, Little Rock, AR, for Shantilal Patel, Pragna Patel and AMBA, L.L.C.

David Henry, Little Rock, AR, Pro se.

### ORDER

JAMES G. MIXON, Chief Judge.

On July 22, 1996, Harrison Properties Ltd. and Gary R. "Butch" McCallum ("McCallum") filed the above-captioned complaint against Shantilal Patel, Pragna Patel ("the Patels"), an entity styled AMBA, LLC ("AMBA"), and other defendants. The relief sought against AMBA and the Patels is a determination that AMBA holds title to certain real estate ("the motel property") located in Boone County, Arkansas, in trust for Harrison Properties, Ltd. and/or McCallum.

On February 19, 1998, McCallum and Harrison Properties filed a motion for partial summary judgment for the return of the real property in question. On March 18, 1998, the Patels and AMBA filed a counter motion for summary judgment.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted only where it appears that there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed.R.Bankr.P.

7056; *Fields v. Gander*, 734 F.2d 1313, 1314 (8th Cir.1984); *Schieffler v. Pulaski Bank & Trust Co. (In re Molitor)*, 183 B.R. 547, 549 (Bankr.E.D.Ark.1995); *Toshiba Am. Inc. v. Video King of Ill., Inc. (In re Video King of Ill., Inc.)*, 100 B.R. 1008, 1012 (Bankr.N.D.Ill. 1989). In determining whether a genuine issue of material fact exists, the Court must view the facts in the light most favorable to the party opposing the motion for summary judgment and must give that party the benefit of all reasonable inferences drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987)(citing Economy Housing Co. v. Continental Forest Products, Inc. 757 F.2d 200, 203 (8th Cir.1985)); *Fields*, 734 F.2d at 1314. To be material, the fact in dispute must affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A party opposing a motion for summary judgment may not rely upon the mere allegations of its pleadings but must instead set forth, by affidavit or otherwise, specific facts showing that a genuine issue exists for trial. Fed. R.Civ.P. 56(e); Fed.R.Bankr.P. 7056. *Chauffeurs, Teamsters & Helpers Local Union 238 v. C.R.S.T., Inc.*, 795 F.2d 1400, 1402–03 (8th Cir.), (citing Fed.R.Bankr.P. 54(e); *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984); *Bouta v. American Federation of State, County & Municipal Employees*, 746 F.2d 453, 454 (8th Cir.1984)).

## UNDISPUTED FACTS

Both parties attached affidavits and other written materials in support of their respective motions for summary judgment and from a review of these documents, the following facts appear to be undisputed:

1. Eldenrod Partnership is a general partnership whose partners are Thomas J. Simpson, M.D., Alice Laule, Don Collins, and E.V. Monson, Jr. Harrison Properties, Ltd., is a general partnership that, when formed April 1, 1986, consisted of the following partners and ownership interests: Eldenrod Partnership (48%), Joe T. Swaffar (26%), and Gary M. "Butch" McCallum (26%).

2. The motel property located in Boone County, Arkansas, was transferred from the First National Bank of Harrison, Arkansas, to Harrison Properties, Ltd. by deed dated August 6, 1985.

3. The partnership agreement of Harrison Properties, Ltd. provided in part as follows:

> Title to real property if any, although in the name of the Partner or Partners, shall be deemed to be held by the partnership as if conveyed by such Partner or Partners to the partnership by appropriate deed of conveyance.
>
> . . .
>
> No Partner shall, without the consent of the other partners, . . . shall, on behalf of the partnership . . . sell or contract to sell, any property . . . of the partnership other than the type of property bought and sold in the regular course of its business.

(Harrison Properties, Ltd. Partnership Agreement at ¶¶ 6(b) & 8.)

4. On March 28, 1991, McCallum gave notice of his intention to withdraw from Harrison Properties, Ltd., and the offer to withdraw was accepted May 23, 1991. Thereafter, McCallum and Swaffar engaged in litigation concerning the issue of the value of the withdrawing partner's interest in an action in the Chancery Court of Pulaski County, Arkansas.

5. On March 5, 1993, a foreclosure suit and accompanying Lis Pendens was filed against the motel property by National Mortgage Company which held a first mortgage on the motel property. The foreclosure action was dismissed and the lis pendens notice was satisfied on August 19, 1993.

6. On August 15, 1993, Swaffar, acting as "managing" partner of Harrison Properties, Ltd., executed a deed to the motel property to Motel Managers, Inc., for a purchase price of $1,500,000. The sale proceeds were disbursed as follows:

| | |
|---|---|
| Excess deposit | $200,000.00 |
| Settlement charges | 11,900.00 |
| Payoff first mortgage | 975,000.00 |
| Payoff second mortgage | 66,860.73 |
| Payoff UBT | 189,512,81 |
| Payoff to BOM | 53,258.06 |
| County taxes | 3,468.40 |
| Total | $1,500,000.00 |

7. Motel Managers, Inc. is a corporation owned by Donald Spears and Nell Spears.

8. On November 17, 1994, the Honorable Annabelle Imber, Chancellor, issued an Order valuing McCallum's interest as a withdrawing partner at $160,451.72. The Order further provided that if the amount of McCallum's interest was not paid by 4:30 p.m. Friday, November 18, 1994, then "Plaintiff [McCallum] shall retain ownership of his 26% partnership interest in Harrison Properties, Ltd., with all rights, powers and privileges attendant thereto." (Patel Motion for Summary Judgment, Ex. 6.)

9. On March 15, 1996, Motel Managers, Inc. sold the motel property to AMBA for a total purchase price of $1,425,000.00.

10. AMBA is owned by Shantilal Patel and Pragna Patel.

11. McCallum did not consent to the transfer of the motel property in August 1993, nor the subsequent transfer from Motel Managers, Inc. to AMBA in March 1996. McCallum has never been paid for his interest in Harrison Properties, Ltd.

12. AMBA has conveyed a mortgage lien in the motel property to Shantilal Patel and Pragna Patel, and the lien is properly recorded in the Mortgage Records of Boone County, Arkansas.

13. Neither Shantilal Patel nor Pragna Patel, individually or on behalf of AMBA had actual knowledge of any claim to the motel property by McCallum or Harrison Properties, Ltd. prior to the purchase of the motel property and had no actual knowledge that Swaffar was unauthorized, if he was so unauthorized, to transfer title from Harrison Properties, Ltd. to Motel Managers, Inc. without the consent of McCallum.

### DISCUSSION

The motion for summary judgment in favor of Shantilal Patel, Pragna Patel, and AMBA shall be granted for several reasons.

McCallum and Harrison Properties argue that even though AMBA had no actual knowledge, it had constructive knowledge of the terms of the partnership agreement because the partnership agreement was recorded in the Miscellaneous Records of Boone County, Arkansas. The plaintiffs further contend that because of the recorded agreement, AMBA was under a duty to inquire as to the authority of Swaffar to convey the property and that such an inquiry would have disclosed that McCallum's consent to the transfer was required and that he had not so consented.

■ However, this argument is without merit. A purchaser of real property takes with constructive notice of whatever appears in the conveyance which is his chain of title. *Weiser–Brown Oil Co. v. Sneed*, 265 Ark. 95, 98, 577 S.W.2d 1, 3 (1979) (quoting Abbott v. Parker, 103 Ark. 425, 147 S.W. 70 (1912)). It is doubtful that the partnership agreement is an instrument in the chain of AMBA's title and probably does not give constructive or inquiry notice of its contents to subsequent purchasers of the real property in question.

■ But even if the partnership agreement were in AMBA's chain of title and therefore AMBA were placed on inquiry notice, such an inquiry conducted in March 1996 would have revealed that McCallum had voluntarily withdrawn as a partner effective May 23, 1991, that at the time of the conveyance by Harrison Properties, Ltd. to Motel Managers, Inc. in August 1993 McCallum was not a partner, and that, therefore, McCallum's consent was not required.

McCallum and Harrison Properties argue that the language of Judge Imber's Order of November 17, 1994, stating that if McCallum were not paid for his interest by 4:30 p.m. on November 18, 1994, he would *"retain"* ownership of his 26% partnership interest, is proof that McCallum was a partner on August 15, 1993. This argument stretches logic because if McCallum had been a partner on November 17, 1994, Judge Imber's Order providing for the retention of his partnership interest would have been superfluous. Further, in her Order dated March 19, 1992, Judge Imber unequivocally stated that McCallum's withdrawal from the partnership had been accepted on May 23, 1991.

■ A partner's right of withdrawal or retirement from the partnership is an inseparable incident of every partnership; no party

is compelled to continue as a partner when he chooses to withdraw. 59A Am.Jur.2d *Partnership* § 520 (1987). The right of a retiring partner who has not been paid for his partnership interest is that of a creditor of the partnership. Ark.Code Ann. § 4–42–614 (Michie 1987). *See also Zach v. Schulman*, 213 Ark. 122, 128, 210 S.W.2d 124, 128 (1948) (holding that a retiring partner or the representative of a deceased partner is a creditor of the partnership in the amount of the retiring or deceased partner's partnership interest).

Further, the unequivocal language of the applicable partnership statutes supports the validity of the Patels' title to the property. The statutes provide:

> (1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

Ark.Code Ann. § 4–42–301(1) (Michie 1987).

> (1) Where title to property is in the partnership name, any partner may convey title to the property by a conveyance executed in the partnership name; but the partnership may recover the property . . . unless such property has been conveyed by the grantee or a person claiming through such grantee to a holder for value without knowledge that the partner, in making the conveyance, has exceeded his authority.

Ark.Code Ann. § 4–42–302(1) (Michie 1987).

Thus, under the statutes, even if the initial transfer from Swaffar to Spears could be avoided, the partnership may not recover the property from a subsequent purchaser or transferee for value unless it also proves that the subsequent transferee knew or had received a notification of the partner's lack of authority with respect to the initial transfer.

The Plaintiffs do not dispute that the Patels and AMBA had no actual knowledge that Swaffar lacked authority to transfer the motel property to Harrison Properties, Inc. Furthermore, nothing in the chain of title establishes the Patels had either constructive or inquiry notice. Thus, the provisions of section 302 of Arkansas's partnership statute preclude McCallum and Harrison Properties Inc. from the relief sought.

Therefore, for the reasons stated, the motion for summary judgment by the Patels and AMBA is granted and the motion for summary judgment by the Plaintiffs is denied.

IT IS SO ORDERED.