In re Joe Thomas SWAFFAR and Sandra Carol Swaffar, Debtors.

HARRISON PROPERTIES, LTD., and Gary R. ("Butch") McCallum, Plaintiffs,

v.

Donald M. SPEARS, Nell Spears, Richard L. Cox, Trustee of the Estate of Joe T. Swaffar and Sandra Swaffar, Motel Managers, Inc., David Henry, Steve R. Wood, Linda Wood, Shantilal Patel, Pragna Patel, AMBA, LLC., Defendants.

Bankruptcy No. 95–40532M.
Adversary No. 96–4146.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

July 8, 1998.

Basil V. Hicks, North Little Rock, AR, for Debtor.

Patrick James, Geoffrey B. Treece, Little Rock, AR, for Donald M. Spears, Nell Spears and Motel Managers, Inc.

C. Richard Crockett, R.J. Brown, Little Rock, AR, for Harrison Properties, Inc. and Gary R. ("Butch") McCallum.

Gail Inman–Campbell, Harrison, AR, for Steve Wood and Linda Wood.

Marian M. McMullan, Little Rock, AR, for Shantilal Patel, Pragna Patel and AMBA, L.L.C.

David Henry, Little Rock, AR, Pro se.

*ORDER*

JAMES G. MIXON, Chief Judge.

On July 22, 1996, Harrison Properties, Ltd. and Gary R. "Butch" McCallum ("McCallum") filed the above-captioned complaint against Steve R. Wood and his wife Linda Wood ("the Woods"), as well as others including the trustee for the bankruptcy estate of debtors Joe T. and Sandra Swaffar. The relief sought against the Woods is a determination that they hold title to certain real estate ("convenience store property") located in Boone County, Arkansas, in trust for Harrison Properties, Ltd. or McCallum.

On February 9, 1998, the Woods filed a motion for summary judgment, and on February 18, 1998, McCallum and Harrison Properties filed a motion for partial summary judgment.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O), and the Court has jurisdiction to enter a final judgment in the case. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted only where it appears that there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056; *Fields v. Gander,* 734 F.2d 1313, 1314 (8th Cir.1984); *Schieffler v. Pulaski Bank & Trust Co. (In re Molitor),* 183 B.R. 547, 549 (Bankr.E.D.Ark.1995); *Toshiba America Inc. v. Video King of Ill., Inc. (In re Video King of Ill., Inc.),* 100 B.R. 1008, 1012 (Bankr.N.D.Ill.1989). In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the party opposing the motion for summary judgment and must give that party the benefit of all reasonable inferences drawn from the underlying facts. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987) (citing *Economy Housing Co. v. Continental Forest Products, Inc.,* 757 F.2d 200, 203 (8th Cir.1985)); *Fields,* 734 F.2d at

1314. To be material, the fact in dispute must affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A party opposing a motion for summary judgment may not rely upon the mere allegations of its pleadings but must instead set forth, by affidavit or otherwise, specific facts showing that a genuine issue exists for trial. Fed.R.Civ.P. 56(e); Fed.R.Bankr.P. 7056; *Chauffeurs, Teamsters & Helpers, Local Union 238 v. C.R.S.T., Inc.*, 795 F.2d 1400, 1402–03 (8th Cir.) (citing Fed.R.Civ.P. 54(e); *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984); *Bouta v. American Federation of State, County & Municipal Employees*, 746 F.2d 453, 454 (8th Cir.1984)).

## UNDISPUTED FACTS

Both parties attached affidavits and other written materials in support of and in opposition to the motions for summary judgment and from a review of these documents, the following facts appear to be undisputed:

1. Eldenrod Partnership is a general partnership whose partners are Thomas J. Simpson, M.D., Alice Laule, Don Collins, and E.V. Monson, Jr.

2. Harrison Properties, Ltd., is a general partnership [1] that consisted of the following ownership interests when formed April 1, 1986: Eldenrod Partnership (48%), Joe T. Swaffar (26%), and McCallum (26%).

3. Each partner agreed to pay for its interest in the Harrison Properties partnership with "land." Eldenrod Partnership contributed the convenience store property to Harrison Properties, Ltd. as its partnership contribution but never executed or recorded a deed conveying the property.

4. The partnership agreement of Harrison Properties, Ltd. provided in part as follows:

Title to real property if any, although in the name of a Partner or Partners, shall be deemed to be held by the partnership as if conveyed by such Partner or Partners to the partnership by appropriate deed of conveyance.

. . . .

No Partner shall, without the consent of the other Partners, . . . . sell or contract to sell, any property . . . of the partnership other than the type of property bought and sold in the regular course of its business.

(Harrison Properties, Ltd. Partnership Agreement at ¶¶ 6(b), 8.)

5. Title to the convenience store property was conveyed by First National Bank, Harrison, Arkansas, to the Eldenrod Partnership on August 6, 1985. The Eldenrod Partnership conveyed title to the convenience store property to Donald M. Spears and Gerry Nell Spears on February 20, 1988. Donald M. Spears and Gerry Nell Spears conveyed title to the convenience store property to the Woods on June 16, 1994. All of the aforesaid conveyances were by warranty deeds, regular on their faces, duly acknowledged, and properly recorded in the deed records of Boone County, Arkansas.

6. The conveyance of the convenience store property by Eldenrod Partnership in February 1988 to Donald M. Spears and Gerry Nell Spears was by the hand of Joe T. Swaffar pursuant to a power of attorney dated January 8, 1987, from Thomas J. Simpson, the managing partner of Eldenrod Partnership.

7. The Woods purchased the convenience store property from Donald M. Spears and Nell Spears for value and had no knowledge of any agreement between any of the other defendants in this case.

8. McCallum and Harrison Properties do not allege that the Woods had any actual knowledge that Swaffar was unauthorized, if he was so unauthorized, to transfer title from Eldenrod Partnership to Donald M. Spears and Gerry Nell Spears.

9. McCallum's affidavit states, "On information and belief, the partnership agreement of Eldenrod Partnership . . . contained [a provision identical to that in the Harrison Properties agreement] restricting the right

---

1. The name Harrison Properties, Ltd. is a misnomer because the partnership agreement clearly indicates that the partnership is a general partnership.

of a partner to act without the consent of the other partners." However, the Eldenrod partnership agreement was never made part of this record.

10. In March 1993, National Mortgage Company filed a foreclosure suit on a mortgage encumbering other real property, which included a small tract later conveyed to the Woods. This tract was adjacent to the convenient store property. The suit filed in Boone County, Arkansas, named as defendants Harrison Properties Inc., First National Bank of Harrison, and other individuals including Donald M. and Gerry Nell Spears. A lis pendens notice of the foreclosure was filed March 4, 1993, and released on August 19, 1993.

## DISCUSSION

▇ The motion for summary judgment on behalf of the Woods is appropriate and shall be granted. The convenience store property was never titled in the name of Harrison Properties, Ltd. Therefore, nothing appears in the chain of title that would give the Woods either constructive or inquiry notice of McCallum's rights as a partner in Harrison Properties, Ltd. to property titled in the name of Eldenrod Partnership. Also, McCallum and Harrison Properties have not demonstrated that Joe T. Swaffar, acting on behalf of Eldenrod, executed the deed of conveyance to Mr. and Mrs. Spears without authority, or that if he did so, the Woods had knowledge of that fact.

▇ A purchaser of real property has constructive notice of whatever appears in the conveyance which constitutes his chain of title. *Weiser–Brown Oil Co. v. Sneed,* 265 Ark. 95, 98, 577 S.W.2d 1, 3 (1979) (quoting *Abbott v. Parker,* 103 Ark. 425, 147 S.W. 70 (1912)). Because there is no extant conveyance of record from Eldenrod Partnership to Harrison Properties, it is doubtful that the Harrison Properties partnership agreement is an instrument in the Woods' chain of title. Therefore, the Harrison Properties partnership agreement does not give constructive notice of its contents to subsequent purchasers of the real property in question.[2]

Furthermore, the applicable statute's unequivocal language supports the validity of the Eldenrod–Spears–Woods chain of title. The Arkansas Code provides:

(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

Ark.Code Ann. § 4–42–301(1) (Michie 1987).

(1) Where title to property is in the partnership name, any partner may convey title to the property by a conveyance executed in the partnership name; but the partnership may recover the property ... unless such property has been conveyed by the grantee or a person claiming through such grantee to a holder for value without knowledge that the partner, in making the conveyance, has exceeded his authority.

Ark.Code Ann. § 4–42–302(1) (Michie 1987).

Swaffer, acting on behalf of the managing partner of Eldenrod, conveyed title to the property to the Spears. McCallum and Harrison Properties do not allege that the Woods had actual knowledge that Swaffar lacked authority to transfer the convenience store property to Mr. and Mrs. Spears, and no constructive or inquiry notice was evidenced

---

**2.** McCallum and Harrison Properties contend that the March 4, 1993 lis pendens notice put the Woods on inquiry notice to examine the foreclosure complaint and mortgage listing all the partners of Harrison Properties. The Plaintiffs argue that inquiry would have revealed Eldenrod Partnership property was owned by Harrison Properties and that neither Swaffar nor Spears had authority to convey Harrison Properties proper-

ty. However, the lis pendens notice gave only constructive notice of the foreclosure suit. Ark. Code Ann. § 16–59–101 (Michie 1987). The pending foreclosure action did not concern the claim of Harrison Properties or McCallum asserted in this action, and in any event the suit had been dismissed and the lis pendens satisfied prior to the conveyance from Spears to Woods.

by the documents submitted by the plaintiffs. Because the Woods are holders for value without knowledge that Swaffer exceeded his authority, the provisions of section 302 of Arkansas' partnership statute preclude the Plaintiffs from the relief sought.

For the reasons stated, the motion for summary judgment by the Woods is granted, and the motion for partial summary judgment in favor of McCallum and Harrison Properties is denied.

A separate Judgment dismissing the complaint as to Steve R. and Linda Wood will be entered.

IT IS SO ORDERED.